Middleberg *v.* Middleberg, Appellant.

Argued May 1, 1967. Before Bell, C. J., Jones, Eagen, O'Brien and Roberts, JJ.

reargument refused October 26, 1967.

*Michael A. Foley,* with him *George T. Steeley,* and *Foley, Schimpf & Steeley,* for appellants.

*David Berger,* with him *Herbert B. Newberg, H. Laddie Montague, Jr.,* and *Cohen, Shapiro, Berger, Polisher and Cohen,* for appellee.

OPINION BY MR. JUSTICE O'BRIEN, September 26, 1967:

Appellee commenced two actions in equity against appellants, seeking relief for alleged breaches of fiduciary duties in connection with the operation of certain business ventures. During the pendency of these actions, appellee filed petitions, seeking the disqualification of counsel for appellants, on the theory that counsel's representation of appellants constituted a conflict of interest. The court below granted the petitions to disqualify, and appellants have appealed the orders granting disqualification.

Canon 6 of the Canons of Professional Ethics forbids representation by counsel of conflicting interests, unless those interests agree to be so represented after a full disclosure of the facts. Moreover, the test of a conflicting interest is not the actuality of conflict, but the possibility that conflict may arise.

We need not, however, reach the propriety of the disqualification of counsel for appellants, inasmuch as the appeals must be quashed. The appeals in the instant case are by the defendants below, and as to them, the orders of disqualification are interlocutory. It requires no citation of authority for the proposition that an appeal will lie only from a definitive order, decree or judgment which finally determines the action. In order to constitute a final order, decree or judgment, the order must terminate the litigation between parties to the suit by precluding a party from further action in that court.

In *Seifert v. Dumatic Industries*, 413 Pa. 395, 197 A. 2d 454 (1964), we held that an order refusing to disqualify counsel was interlocutory and unappealable, since it did not preclude the party who had sought disqualification from further action in that court. The same reasoning is applicable to an order disqualifying counsel. Although such order may be final as to coun-

sel, it is clearly interlocutory as to the party represented by him.

Appellant argues strenuously that *Seifert* ruled that an order disqualifying counsel is final, as contrasted to an order refusing to disqualify counsel, which that case clearly held to be interlocutory. It must be pointed out that in *Seifert,* there were two orders, one refusing to disqualify counsel for one of the parties, and the second, disqualifying counsel for the other party. Two appeals were taken, and two motions to quash were filed, each on the basis that the order sought to be reviewed was interlocutory. The motion to quash was denied with respect to the order disqualifying counsel, and the order was reversed on the merits. Inferentially, at least, we must then have found that that order was final and therefore appealable. It must, however, be noted that the appeal from that order was by disqualified counsel, and not by the party whom he represented. The appeal which was quashed was filed by the party who had been unsuccessful in having his opponent's counsel disqualified. We will not, at this time, consider the wisdom of our having permitted counsel in *Seifert* to appeal in his own name from the order of disqualification. Suffice it to say that an order disqualifying counsel, which has the effect of limiting a party's right to counsel of his choice in the court of original jurisdiction, is not such an order as terminates the litigation by precluding that party from further action in that court.

Since the order appealed from is not final and since it is not made appealable by statute, the appeals will be quashed.

Appeals quashed, costs to be borne by appellants.

Mr. Justice MUSMANNO and Mr. Justice COHEN took no part in the consideration or decision of this case.