557 F.2d 395
 Edwin R. MacKETHAN, Receiver of the Norfolk Savings and Loan
Corporation, Appellee,
v.
PEAT, MARWICK, MITCHELL & COMPANY and its Individual
Partners, Appellants,
Leon C. Hall, Frank F. Warren, A. Page Ware, Jr., Charles H.
McCoy, Sr., F. Littleton Powell, United Seaboard
Bank/Seaboard National and Mrs. Daniel M. Thornton, as
Executors of the Estate of Daniel M. Thornton, Deceased, Defendants.
Shirley A. ALEXANDER et al., Appellees,
v.
PEAT, MARWICK, MITCHELL AND COMPANY and its Individual
Partners, Appellants,
v.
Edwin R. MacKETHAN, Receiver of Norfolk Savings and Loan
Corporation, and Norfolk Savings and Loan
Corporation, Appellees.
Thomas L. Hofheimer, et al., Amicus Curiae.
 Nos. 76-1979, 76-1980.
 United States Court of Appeals,
Fourth Circuit.
 Argued May 4, 1977.
Decided May 23, 1977.
Rehearing Denied June 27, 1977.
 
 R. Gordon Smith, Richmond, Va. (Robert H. Patterson, Jr., James L. Sanderlin, McGuire, Woods & Battle, Richmond, Va., on brief), for appellants Peat, Marwick, Mitchell & Co.
 Oren R. Lewis, Jr., Arlington, Va. (John E. Fricker, Lewis, Wilson, Cowles, Lewis & Jones, Ltd., Arlington, Va., on brief), J. Vernon Patrick, Jr., Birmingham, Ala. (Barton S. Sacher, Berkowitz, Lefkovits & Patrick, Birmingham, Ala., on brief), for appellees in 76-1979 and 76-1980.
 Marshall T. Bohannon, Jr., Norfolk, Va. (Herbert & Bohannon, Norfolk, Va., on brief), and Jordan A. Pugh, III, Norfolk, Va., for appellees in 76-1980.
 Alan J. Hofheimer, Norfolk, Va. (Hofheimer, Nusbaum & McPhaul, Norfolk, Va., on brief), for Amicus Curiae.
 Before MOORE, Senior Circuit Judge, Second Circuit, sitting by designation, and BUTZNER and HALL, Circuit Judges.
 PER CURIAM:
 
 
 1
 Peat, Marwick, Mitchell & Company appeal the orders of the district court dismissing a third party complaint against Norfolk Savings and Loan Corporation and its receiver and refusing to disqualify counsel for the receiver and depositors. We conclude that the order denying disqualification of counsel is appealable because it is a final order collateral to the main proceeding. Silver Chrysler Plymouth, Inc. v. Chrysler Motors Corp., 496 F.2d 800 (2d Cir. 1974). Contra, Community Broadcasting v. FCC, 546 F.2d 1022 (D.C.Cir. 1976). Although dismissal of a third party complaint is ordinarily not appealable, we will consider the order under the doctrine of pendent jurisdiction. On the merits, the district court committed no error.
 
 
 2
 Affirmed.
 
 ORDER ON REHEARING
 
 3
 BUTZNER, Circuit Judge.
 
 
 4
 While the petition for rehearing filed by Peat, Marwick, Mitchell & Company was pending, the Supreme Court held that although an order denying a plea of double jeopardy constituted a final decision within the meaning of28 U.S.C. § 1291 and therefore was immediately appealable, the court of appeals should not have considered other non-appealable assignments of error under the doctrine of pendent jurisdiction. Abney v. United States,--- U.S. ----, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977). We believe that the principles of that case are applicable here.
 
 
 5
 Consequently, although we reiterate our ruling that the district court's order denying disqualification of counsel is appealable, we withdraw that part of our opinion in which we reviewed the dismissal of the third-party complaint under the doctrine of pendent jurisdiction. We now hold, in accordance with Abney, that we lacked jurisdiction under § 1291 to allow an appeal of the district court's interlocutory order dismissing the third-party complaint.
 
 
 6
 In all other respects the petition for rehearing is denied.
 
 
 7
 Entered with the concurrence of Senior Judge MOORE and Judge HALL.