419 A.2d 738

PITTSBURGH AND NEW ENGLAND TRUCKING
COMPANY, a Pennsylvania Corporation

v.

RESERVE INSURANCE COMPANY, a Foreign
Corporation, Appellant,

v.

Kim DARRAGH, George I. Buckler, Donald W. Bebenek, Carl A.
Eck, Harry John Zimmer, Thomas A. Lazaroff, John E. Kunz,
Richard J. Mills, Andrew J. Banyas, III, John E. Hall, t/d/b/a
Meyer, Darragh, Buckler, Bebenek & Eck, a partnership and
Harry John Zimmer, individually, the Medallion Insurance
Company and James Ewing.

Superior Court of Pennsylvania.

Argued April 10, 1979.

Filed April 25, 1980.

Avrum Levicoff, Pittsburgh, for appellant.

James A. Mollica, Jr., Pittsburgh, for appellee.

Before CERCONE, President Judge, and WIEAND and HOFFMAN, JJ.*

WIEAND, Judge:

The issue which appellant attempts to argue in this appeal is whether the law firm representing plaintiff in a legal action is disqualified from continuing to represent the client when it is joined as an additional defendant by the defendant. The trial court denied defendant's petition to disqualify plaintiff's counsel, and defendant appealed. Initially, however, we must determine whether the denial of defendant's petition to disqualify plaintiff's counsel is an appealable order.

Generally, an appeal will lie only from a definitive order, decree, or judgment which finally determines the action and, in effect, terminates the litigation by precluding a party from further action in that court. *Pugar v. Greco*, 483 Pa. 68, 72–73, 394 A.2d 542, 544–45 (1978); *Middleberg v. Middleberg*, 427 Pa. 114, 115, 233 A.2d 889, 890 (1967). See also: 42 Pa.C.S. § 742.

Nevertheless, an appellate court may, in its discretion, permit an appeal to be taken from an interlocutory order where the lower court has certified in the order that "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter . . ."

* Judge DONALD E. WIEAND is sitting by special designation.

42 Pa.C.S. § 702(b). In *American Dredging Co. v. City of Philadelphia*, 480 Pa. 177, 389 A.2d 568 (1978), for example, the Supreme Court allowed an appeal from the denial of defendant's motion to disqualify co–counsel for plaintiff where the trial court certified its order pursuant to the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, No. 223, 501(b), 17 P.S. § 211.501(b) [substantially re–enacted in 42 Pa.C.S. § 702(b)]. This statutory procedure was not followed in the instant case. No request for certification was presented to the trial court, and an application for appeal was not filed in this Court. The appealability of the disqualification order, therefore, depends upon whether the order of the trial court is "final" within the meaning of Section 302 of the Appellate Court Jurisdiction Act of 1970 (now 42 Pa.C.S. § 742).

▌ The Supreme Court of Pennsylvania has decided the precise issue now before us and has held that an order refusing to disqualify counsel is interlocutory and unappealable since such order does not preclude the party seeking disqualification from proceeding with its action in that court. *Middleberg v. Middleberg*, supra; *Seifert v. Dumatic Industries*, 413 Pa. 395, 197 A.2d 454 (1964).[1] We are required to follow these decisions and quash the instant appeal. It may not be amiss, however, to review briefly the decisions in other jurisdictions which have grappled with this issue and, not surprisingly, have reached conflicting results.

A majority of the federal courts has held that an order granting or denying a petition to disqualify an attorney is a "final order" under 28 U.S.C. § 1291 and thus directly appealable. See, e. g.: *Silver Chrysler Plymouth, Inc. v. Chrysler Motors Corp.*, 496 F.2d 800 (2nd Cir. 1974); *Kroungold v. Triester*, 521 F.2d 763 (3rd Cir. 1975); *MacKethan v. Peat, Marwick, Mitchell & Co.*, 557 F.2d 395 (4th Cir. 1977); *Zylstra v. Safeway Stores, Inc.*, 578 F.2d 102 (5th Cir. 1978);

---

1. The Supreme Court has characterized as "final" an appeal from a pre–trial order disqualifying plaintiff's attorney where that order also dismissed the action as to that plaintiff. *Slater v. Rimar*, 462 Pa. 138, 152, n.15, 338 A.2d 584, 591, n.15 (1975).

*Melamed v. I.T.T. Continental Baking Co.*, 534 F.2d 82 (6th Cir. 1976); *Schloetter v. Railoc of Indiana, Inc.*, 546 F.2d 706 (7th Cir. 1976); *Meat Price Investigators Ass'n. v. Spencer Foods*, 572 F.2d 163 (8th Cir. 1978); *Fullmer v. Harper*, 517 F.2d 20 (10th Cir. 1975); 44 A.L.R.Fed. 709. See also: *Meehan v. Hopps*, 45 Cal.2d 213, 288 P.2d 267 (1955); *Borden v. Borden*, 277 A.2d 89 (D.C.App.1971); *Borman v. Borman*, —— Mass. ——, 393 N.E.2d 847 (1979). In reaching this conclusion, the federal courts have adhered to principles enunciated in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), where the Supreme Court held that an order is final and appealable if (1) it is separable from and collateral to the main cause of action; (2) the right involved is too important to be denied review; and (3) the question presented is such that if review is postponed until final judgment in the case, the claimed right will be irreparably lost. Id. at 546, 59 S.Ct. at 1226, 93 L.Ed. at 1536. Applying these requirements, Judge Moore, of the Second Circuit, opined that an order concerning disqualification is "collateral to the main proceeding yet has grave consequences to the losing party, and it is fatuous to suppose that review of the final judgment will provide adequate relief." *Silver Chrysler Plymouth, Inc. v. Chrysler Motors Corp.*, supra at 805.

This view has not been uniformly accepted. Other jurisdictions have held that orders concerning disqualification are interlocutory, even under the *Cohen* doctrine, and thus are unappealable. *Community Broadcasting of Boston, Inc. v. Federal Communications Commission*, 546 F.2d 1022 (D.C. Cir.1976); *Gomes v. Heirs of Kauwe*, 52 Haw. 126, 472 P.2d 119 (1970); *Peat, Marwick, Mitchell & Co. v. Los Angeles Rams Football Co.*, 284 Md. 86, 394 A.2d 801 (1978). Cf.: *Almon v. American Carloading Corp.*, 380 Ill. 524, 44 N.E.2d 592 (1942); *Middleberg v. Middleberg*, supra. In *Community Broadcasting of Boston, Inc. v. Federal Communications Commission*, supra at 1027, the court, in declining to adopt the approach taken by the majority of federal circuits,

commented that adherence to such a rule "would provide litigants with yet another device by which to delay final determination on the merits, and would lead the court to divert its attention from the central issues in the case . . . Indeed, because of the fluidity of membership in large metropolitan law firms and the pattern of movement by lawyers between various employment positions, an appearance of conflict of interest can easily be alleged in many cases. As a result the Second Circuit is now grappling with a deluge of interlocutory appeals that would cast the Court of Appeals in the role of overseer of the ethics of members of the legal profession." (Footnotes omitted.) Some members of the Second Circuit have echoed this concern for the proliferation of appeals and the resultant delay. See: *Allegaert v. Perot*, 565 F.2d 246, 251 (2nd Cir. 1977); *W. T. Grant Co. v. Haines*, 531 F.2d 671, 677–78 (2nd Cir. 1976).

We note that although the Pennsylvania Supreme Court did not apply the standards of *Cohen* in *Middleberg v. Middleberg*, supra, it recently has adopted the *Cohen* reasoning in determining the finality of pre–verdict orders. See, e. g.: *Pugar v. Greco*, supra; *Bell v. Beneficial Consumer Discount Co.*, 465 Pa. 225, 348 A.2d 734 (1975). Whether this is an indication that, presented with the issue at hand, the Supreme Court would reassess its position in *Middleberg v. Middleberg*, supra, is uncertain. By doing so, however, the court would thereby have an opportunity to review the substantial case law which has developed in this area and determine whether immediate appellate review of disqualification orders is necessary or whether a litigant's rights are sufficiently protected by the discretionary certification procedure. 42 Pa.C.S. § 702(b). Meanwhile, we are bound by *Middleberg v. Middleberg*, supra, and quash the instant appeal.

Appeal quashed.

HOFFMAN, J., concurs in the result.