421 A.2d 403

**Mary Giarrizzo KYLE**

v.

**Alastair Boyd KYLE, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 3, 1979.

Filed July 25, 1980.

Petition for Allowance of Appeal Denied March 2, 1981.

Stephen I. Weiss, Langhorne, for appellant.

Robert Solomon, Doylestown, for appellee.

Before SPAETH, CAVANAUGH and O'KICKI, JJ.*

SPAETH, Judge:

This is an action in divorce and annulment. The parties were married in 1969, had two children, and separated in 1974. The wife filed her complaint on November 6, 1975. Since then the husband has filed a variety of motions and appeals. For purposes of this appeal, however, only the following events are relevant.

On March 8, 1977, the lower court appointed a master. On April 5, 1977, the husband filed a Petition Raising a Question of Jurisdiction of Master and Seeking Revocation of His Appointment. The record does not indicate any specific response by the lower court to this petition. However, on May 19, 1977, the lower court dismissed preliminary objections that had been filed by the husband, and ordered the master to schedule a hearing. On May 23, 1977, the husband filed a notice of appeal from this order. On June 16, 1977, while the husband's appeal was pending in this court, the lower court appointed a second master, the first master

---

* President Judge JOSEPH O'KICKI, of the Court of Common Pleas of Cambria County, Pennsylvania, is sitting by special designation.

having resigned. On June 21, 1977, this court quashed the husband's appeal. On June 28, 1977, the husband filed a Petition to Vacate the Appointment of the second master. On October 5, 1977, the lower court held a hearing on the petition, and dismissed it. (N.T. 30, 10/5/77.) On February 17, 1978, the master filed a report, recommending that a decree of annulment be entered. Exceptions to the master's report were filed, and on May 9, 1978, the lower court sustained the exceptions and remanded the case to the master for further proceedings on the complaint in divorce. On July 11, 1978, the husband filed two praecipes with the prothonotary of the lower court. The first praecipe, filed pursuant to Pa.R.A.P. 301(d), directed the prothonotary to "prepare, sign and enter an order denying, overruling, and dismissing" the husband's petition to vacate the appointment of the second master. The second praecipe, filed pursuant to Pa.R.A.P. 301(e), directed the prothonotary to enter "an adverse order denying, dismissing and overruling" the husband's petition to vacate the appointment of the second master, because of "the exigency of the case (threatened hearings before Master improperly appointed) impelling an immediate appeal, and being unable to secure the formal entry of an appealable order pursuant to the usual procedures." Also on July 11, 1978, the husband filed with the prothonotary of the lower court notice of appeal to this court, reciting that the appeal was "from the order entered in this matter on the 11th day of July, 1978, insofar as it determines a question of jurisdiction."

The appeal will be quashed, for several reasons.

The record does not disclose any "order entered in this matter on the 11th day of July, 1978." True, on July 17, 1978, the lower court entered two orders, one on each of the two praecipes filed by the husband. On the first praecipe the court directed the prothonotary to "[d]isregard above Praecipe. Do not enter adverse order. Defendant [husband] continues to pursue dilatory tactics." On the second praecipe the court directed the prothonotary to "[d]isregard above. Do not enter adverse order." However, the husband has not appealed from either of these orders.

Ordinarily, this failure would be definitive. Here, however, the husband has mostly been acting *pro se* (he was represented by counsel at the master's hearing and on exceptions to the master's report). In these circumstances, we are willing to regard the husband's appeal as unintentionally premature, and as though taken from the lower court's orders of July 17, 1978. Even so regarded, the appeal must be quashed.

It is axiomatic that unless otherwise permitted by statute, an appeal will lie only from a final order, *Pugar v. Greco*, 483 Pa. 68, 394 A.2d 542 (1978); *T. C. Realty, Inc. v. Cox*, 472 Pa. 331, 372 A.2d 721 (1977). *See* Section 302 of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, 17 P.S. § 211.302, since superseded by Judicial Code § 742, 42 Pa.C.S. § 742 (effective June 27, 1978).

In *T. C. Realty, Inc. v. Cox*, 472 Pa. 331, 337, 372 A.2d 721, 724 (1977), the Supreme Court stated:

In ascertaining what is a "final order," we have looked beyond the technical effect of the adjudication to its practical ramifications. *Bell v. Consumer Discount Company*, 465 Pa. 225, 348 A.2d 734 (1975). We have variously defined a final order as one which ends the litigation, or alternatively disposes of the entire case. *Piltzer v. Independence Savings and Loan Association*, 456 Pa. 402, 404, 319 A.2d 677, 678 (1974); *James Banda, Inc. v. Virginia Manor Apartments, Inc.*, 451 Pa. 408, 409, 303 A.2d 925, 926 (1973). Conversely phrased, an order is interlocutory and not final unless it effectively puts the litigant "out of court". *Ventura v. Skylark Motel, Inc.*, 431 Pa. 459, 463, 246 A.2d 353, 355 (1968). In *Marino Estate*, 440 Pa. 492, 494, 269 A.2d 645, 646 (1969), we said that an order is not interlocutory if it precludes a party from presenting the merits of his claim to the lower court.

In *Bell v. Consumer Discount Company, supra*, 465 Pa. at 228, 348 A.2d at 735, the Court stated:

Whether an order is final and appealable cannot necessarily be ascertained from the face of a decree alone, nor simply from the technical effect of the adjudication. The

finality of an order is a judicial conclusion which can be reached only after an examination of its ramifications. We follow the reasoning of the United States Supreme Court that a finding of finality must be the result of a practical rather than technical construction. *Cohen v. Beneficial Industrial Loan Corporation*, 337 U.S. 541, 546, 69 S.Ct. 1221, 1226, 93 L.Ed. 1528 (1949) [footnote omitted].

■ When these principles are applied here, it becomes clear that the husband's appeal is not from a final order. The lower court's refusal to grant the husband's petition to vacate the appointment of the master does not put the husband out of court or otherwise preclude him from presenting on its merits his claim that his wife is not entitled to a divorce. Also, the rights asserted in the husband's challenge to the appointment of the master, if they exist, will not be irreparably lost by withholding review of the lower court's order until a final order granting a divorce—assuming that that will be the final order—is entered.

It is true that an appeal may be taken to this court from certain interlocutory orders, specifically, those authorized by law, or after certification, by permission. 42 Pa.C.S.A. § 702. Here, however, there is no authorization for an appeal from an order refusing to vacate the appointment of a master in a divorce or annulment case; nor has the lower court certified that either of its orders of July 17, 1978, "involves a controlling question of law as to which there is substantial grounds for difference of opinion and that an immediate appeal may materially advance the ultimate termination of the matter," 42 Pa.C.S.A. § 702(b); nor do we discern any such question.

■ Finally, the interlocutory nature of the lower court's orders was not affected by the two praecipes filed by the husband with the prothonotary of the lower court. Pa.R. A.P. 301(d), pursuant to which one of the praecipes was filed, provides:

(d) *Reduction of decision to judgment.* Subject to any inconsistent general rule applicable to particular classes of

matters, the clerk of the lower court shall on praecipe of any party (except a party who by law may not praecipe for entry of an adverse order) forthwith prepare, sign and enter an appropriate order evidencing any action *from which an appeal lies whether as of right or upon permission to appeal or allowance of appeal.* (Emphasis added.)

As we have discussed, the husband's appeal is not an appeal that lies either as of right or, after certification, by permission. Pa.R.A.P. 301(e), pursuant to which the other praecipe was filed, provides:

(e) *Emergency appeals.* Where the exigency of the case is such as to impel an immediate appeal and the party intending to appeal an adverse action is unable to secure the formal entry of an appealable order pursuant to the usual procedures, the party may file in the lower court and serve a praecipe for entry of an appealable order for the purposes of these rules. *The interlocutory or final nature of the action shall not be affected by this subdivision.* (Emphasis added.)

Thus, an order that is not appealable because it is interlocutory is not converted into an appealable order simply because an adverse order is issued pursuant to Rule 301(e).

The appeal is quashed.