## Kaufman v. Kaufman

*Lawrence H. Cohn,* for petitioner.
*Donald E. Wydrzynski,* for respondent.

deFURIA, *J.,* February 6, 1981—Plaintiff-wife-petitioner, Anna Covey Kaufman, has appealed this court's order of December 1, 1980 denying and dismissing plaintiff's Petition to Proceed under the new Divorce Code of April 2, 1980, P.L. 63, 23 P.S. § 101 et seq.

*Allowance of Petition to Proceed Under the Divorce Code of 1980 is Discretionary.*

Section 103 of the Divorce Code provides:

". . . The provisions of this act shall not affect any suit or action pending, but the same may be proceeded with and concluded either under the laws in existence when such suit or action was instituted, notwithstanding the repeal of such laws by this act, or, upon application granted, under the provisions of this act. . . ."

Pa.R.C.P. 1920.92 provides: "These rules shall become effective July 1, 1980. They shall not affect any suit or action pending on that date, but the case may be proceeded with and concluded under the rules in existence when such suit or action was instituted notwithstanding their rescission by this order, unless, upon application granted, the court orders that the action proceed under the Divorce Code and these rules."

Equitable principles are to be used in granting or refusing a request to proceed under the new Divorce Code.

The parties were married on August 30, 1958. On February 13, 1979 plaintiff-wife filed a complaint in

divorce. On June 7, 1979 a master in divorce was appointed. The master's hearing was held on or about August 3, 1979. The master's report, recommending a decree in divorce, was filed on November 26, 1979. Exceptions to the report were not filed. No final decree has been entered. On or about October 24, 1980 plaintiff filed the petition to proceed heretofore mentioned.

In the petition to proceed under the Divorce Code of 1980 and to file an amended complaint, plaintiff-petitioner states:

"7. That Petitioner never requested this Court to enter a Decree, because a settlement had not been reached with respect, inter alia, to the marital domicile."

The marital domicile was purchased five days prior to the marriage. Plaintiff-wife's name does not appear on the deed. The parties dispute the amount of money paid by each for the down payment on the house, repairs, and monies paid in order to prevent a foreclosure of the property. In addition, plaintiff alleges that the marital domicile is the primary issue and if this court does not grant the relief requested in the petition to proceed under the Divorce Code, plaintiff will be unjustly harmed. However, alternative remedies are available to the parties.

Considering the objectives set forth in section 102(a) of the Divorce Code, there are no equitable considerations in favor of permitting plaintiff to proceed under the new code. Wherefore, this court properly exercised its discretion in refusing plaintiff's request.

An Order Denying a Party Permission to Proceed Under the Divorce Code of 1980 is Interlocutory.

Interlocutory orders of the court of common pleas are not appealable to the Superior Court. Consideration of appeals from the court of common pleas is limited to the orders of the court of common pleas which are final unless a statute provides otherwise: 42 Pa.C.S.A. §§742, 702; Pa.R.A.P. 1311.

In Kyle v. Kyle, _____ Pa. Superior Ct. _____, 421 A. 2d 403, 405 (1980), the husband appealed from an order of the Court of Common Pleas of Bucks County refusing to grant his petition to vacate the appointment of a master in the action of divorce and annulment. The Superior Court held that the husband's appeal of the refusal to vacate the appointment of a master could not be heard, in that it was not from a final order. "The lower court's refusal to grant the husband's petition . . . does not put the husband out of court or otherwise preclude him from presenting on its merits his claim that his wife is not entitled to a divorce." In addition, court stated that the husband's rights will not be irreparably lost by withholding review of the lower court's order until a final order granting a divorce is entered.

In Middleberg v. Middleberg, 427 Pa. 114, 115, 233 A. 2d 889, 890 (1967), the court stated:

"It requires no citation of authority for the proposition that an appeal will lie only from a definitive order, decree, or judgment which finally determines the action. In order to constitute a final order, decree or judgment, the order must terminate the litigation between parties to the suit by precluding a party from further action in that court."

Since the appealed order does not put the parties out of court or otherwise preclude them from presenting their claim on the merits, and no rights will be irreparably lost, and a statute does not authorize

544

an appeal from an interlocutory order, the order of the court dismissing the petition to proceed under the Divorce Code of 1980 is not appealable at this stage of the proceedings.

This court, for the above reasons, felt obligated to deny the petition to proceed under the New Divorce Code of 1980 and to indicate that the appeal is untimely.