430 A.2d 1171

**James D. FLOOD and Apartments, Inc.**

**v.**

**Robert C. BELL, J. Donald McKinney, Carol S. McKinney, McKinney Property Co., also known as McKinney Property Company and formerly known as McKinney Construction Company, and McKinney and Co., Incorporated.**

**Appeal of J. Donald McKINNEY, McKinney and Co., Incorporated, and McKinney Property Company.**

Superior Court of Pennsylvania.

Argued Sept. 8, 1980.

Filed April 10, 1981.

Reargument Denied July 8, 1981.

Petition for Allowance of Appeal Denied July 24, 1981.

Paul H. Titus, Pittsburgh, for appellants.

John M. Feeney, Pittsburgh, for Flood and Apartments, appellees.

William G. Sutter, Jr., Pittsburgh, for Bell et al., appellees.

Before SPAETH, HESTER and CAVANAUGH, JJ.

PER CURIAM:

Presently before the court is the appeal of appellants, J. Donald McKinney, McKinney Property Company, and McKinney and Co., Incorporated, hereinafter sometimes "McKinney" from the order of the lower court dated February 14, 1980. In response to appellants' petition to disqualify John Feeney, Esquire and all members and associates of the law firm of Baskin and Sears from participating or representing appellees in the above matter, the lower court ordered that all members and associates of the law firm of Baskin and Sears, *with the exception of John M. Feeney, Esquire,* (emphasis added) were to be disqualified from participating in or representing the appellees in the above captioned suit and further, it was ordered that although John M. Feeney, Esquire was permitted to continue his representation of appellees, Feeney was directed not to discuss his representation of appellees with any other members or associates of Baskin and Sears.[1] The crux of McKinney's appeal is its objection to Feeney's continued representation of the appellees herein.

Thereafter, appellees filed a motion to quash the instant appeal wherein they contend that the February 14, 1980 order is interlocutory and therefore unappealable; and

1. On February 19, 1980, by stipulation of all parties before the lower court, it was agreed that Frederick N. Frank, Esquire, of the law firm of Baskin and Sears, could also act as appellees' co-counsel. Attorney Frank had never represented any of the appellants in any matter and had not joined Baskin and Sears until October, 1979.

since the lower court in its order did not certify same for an interlocutory appeal nor did appellants file either an application for appeal or petition for review, appellees' motion to quash should be granted.

In support of its motion to quash, appellees cite Section 742 of the Judicial Code, 42 Pa.C.S. § 742 which provides:

§ 742. Appeals from courts of common pleas

The Superior Court shall have exclusive appellate jurisdiction of all appeals from *final orders* of the courts of common pleas, regardless of the nature of the controversy or the amount involved, except such classes of appeals as are by any provision of this chapter within the exclusive jurisdiction of the Supreme Court or the Commonwealth Court. (Emphasis added)

and Section 702(b), now 42 Pa.C.S. § 702(b), in relevant part:

(b) Interlocutory appeals by permission—When a court or other government unit, in making an interlocutory order in a matter in which its final order would be within the jurisdiction of an appellate court, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter, it shall so state in such order. The appellate court may thereupon, in its discretion, permit an appeal to be taken from such interlocutory order.

This court in a Per Curiam Order dated June 24, 1980, *denied without prejudice* appellees' motion to quash, reserving to them the right to present argument in support of its motion at the time of oral argument. The June 24, 1980 order issued as the result of the confusion on the question generally of the appealability of a lower court's disqualification order which had been raised previously in other actions then pending; specifically, in *Rayford v. Diamond Security Systems, Inc.*, No. 432 Misc. Docket No. 11, *Agerty, et al. v. First Avenue Realty Corp., et al.*, No. 477 Misc. Docket No. 11, and *Pittsburgh and New England Trucking Co. v. Re-*

*serve Insurance Co. v. Darragh, et al.,* 277 Pa.Super. 215, 419 A.2d 738 (1980).

Neither *Rayford* nor *Agerty* are dispositive of the instant case. In *Rayford,* the lower court issued the appropriate interlocutory appeal certification order pursuant to 42 Pa. C.S. § 702(b) quoted above. Accordingly, in that case we granted appellant's petition for allowance of interlocutory appeal in a Per Curiam Order dated May 21, 1979. Subsequent thereto, on December 5, 1979, the parties filed a joint petition for remand, and on December 12, 1979, we granted the parties' joint petition to withdraw appeal. In *Agerty,* the appellant filed a petition for review of a lower court order wherein the lower court *refused* to certify its previous order denying appellants' motion to disqualify counsel pursuant to 42 Pa.C.S. § 702(b). Following this court's receipt of an answer to petition for review, we issued a Per Curiam Order deferring decision on *Agerty's* petition for review until we rendered a decision in *Rayford.* On January 3, 1980, we granted appellants' petition for review; the appeal was docketed and filed; and thereafter, appellant filed a petition for stay, which was granted; the appeal was continued to the June Session and again continued until the September Session, and on September 10, 1980, the appealability issue as well as the underlying substantive issues were argued. However, before we were able to resolve the appealability issue we were notified that the underlying litigation had been settled and thereafter by a Per Curiam Order dated January 28, 1981, we ordered that the *Agerty* appeal be dismissed.

However, on April 25, 1980, a three-judge panel of this court in *Pittsburgh and New England Trucking Company,* supra, issued an opinion which we have carefully reviewed and now conclude resolves the present controversy. Citing and relying upon *Middleberg v. Middleberg,* 427 Pa. 114, 233 A.2d 889 (1967) and *Seifert v. Dumatic Industries,* 413 Pa. 395, 197 A.2d 454 (1964), the court in *Pittsburgh and New*

*England Trucking Company,* supra, concluded that "[T]he Supreme Court of Pennsylvania has decided the precise issue now before us and has held that an order refusing to disqualify counsel is interlocutory and unappealable since such order does not preclude the party seeking disqualification from proceeding with its action in that court. (Citations omitted). We are required to follow these decisions and quash the instant appeal." (at 739).

We have also reviewed *Bell v. Beneficial Consumer Discount Co.,* 465 Pa. 225, 348 A.2d 734 (1975), wherein the Pennsylvania Supreme Court held that denials by a lower court of class status are reviewable by appellate courts before parties are excluded from litigating the merits of a lawsuit, and conclude that same is neither applicable nor by logical extension controlling the issue before us. In *Bell* (supra at p. 736) the court held: "An order dismissing the class aspects of a suit puts the class members out of court, is a final order for those parties and is therefore appealable (citations omitted)."

Finally the U.S. Supreme Court in *Firestone Tire and Rubber Company v. Risjord,* 449 U.S. 368, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981) very recently resolved the same issue as it applies to federal litigation when it "... [held] that a district court's order denying a motion to disqualify counsel is not appealable under § 1291 [2] prior to final judgment in the underlying litigation." (supra at 379, 101 S.Ct. at 676).

Appellees' motion to quash appeal is therefore granted. The case is hereby remanded to the lower court with instructions that the underlying litigation proceed with dispatch.

Motion to quash appeal granted.

Appeal from order dismissed.

2. 28 U.S.C. § 1291 provides, in relevant part: "The courts of appeals shall have jurisdiction of appeals from all *final decisions* of the district courts of the United States ... except where direct review may be had in the Supreme Court." (Emphasis added). Compare this section with 42 Pa.C.S. § 742 infra.