578 A.2d 1366

**Alyce GAMBLE, Administratrix of the Estate of Lester Gamble, Deceased, on Behalf of the Next of Kin of Lester Gamble, Deceased, and Alyce Gamble, and Alyce Gamble, Administratrix of the Estate of Lester Gamble, Deceased, on Behalf of the Estate of Lester Gamble, Deceased,**

v.

**COMMONWEALTH of Pennsylvania, PENNSYLVANIA TURNPIKE COMMISSION.**

**Appeal of BITUMINOUS INSURANCE COMPANIES.**

Commonwealth Court of Pennsylvania.

Reargued April 2, 1990.

Decided Aug. 15, 1990.

Reargument Denied September 19, 1990.

Harold Gondelman, Pietragallo, Bosick & Gordon, Pittsburgh, for appellants.

Merle S. Kramer, with him, Seymour A. Sikov, Sikov and Love, P.A., Pittsburgh, for appellee Alyce Gamble.

John E. Nedlik, Trushel, Klym & Asti, Pittsburgh, for amicus curiae, Pennsylvania Turnpike Com'n.

Alice W. Beck, Fineman & Bach, P.C., Cherry Hill, for amicus curiae, Pennsylvania Defense Institute.

Before DOYLE and PALLADINO (P.), JJ., and NARICK, Senior Judge.

DOYLE, Judge.

On November 13, 1989 this Court granted reargument in the above-captioned case and, accordingly, vacated our order of September 5, 1989 which had quashed as interlocutory an appeal taken by Bituminous Insurance Companies (Bituminous) from an order of the Court of Common Pleas of Allegheny County granting the motion of Alyce Gamble to disqualify William Guthrie as counsel for the Pennsylvania Turnpike Commission (Commission). 129 Pa.Cmwlth. 661, 564 A.2d 569.

The genesis of this case was a wrongful death and survival action instituted by Alyce Gamble, individually and as the administratrix of the estate of Lester Gamble, her husband, against the Commission. Lester Gamble had been employed by Burrell Construction and Supply Co., (Burrell) a Commission contractor. Bituminous was Burrell's workmen's compensation carrier, and began to pay benefits to Alyce Gamble as Lester Gamble's widow. In addition, Burrell's contract with the Commission named the Commission as an additional insured under Burrell's liability policy, also written by Bituminous. When Gamble filed her suit in tort, the Commission hired John Nedlick, Esquire to defend.

While this action was proceeding, Bituminous instituted a worker's compensation action seeking to terminate the workmen's compensation benefits being paid to Alyce Gamble. Thereafter, when Bituminous "discovered" that the Commission was an additional insured on Burrell's liability policy, it substituted William Guthrie, Esquire, who was not involved in the workmen's compensation action, to represent the Commission in the tort action. Gamble filed her motion to disqualify Guthrie on the basis that Bituminous' representation of the Turnpike Commission in the liability action, through the attorney that it had retained, and its position as workmen's compensation carrier created a conflict of interest.

The trial court granted Gamble's motion to disqualify Guthrie and the motion of Bituminous' subsequent petition to intervene, but refused to certify the order granting Gamble's motion as an appealable interlocutory order pursuant to Pa.R.A.P. 1311(b). Notwithstanding, Bituminous appealed to the Superior Court which transferred the appeal to this Court because the Commission was a party. Gamble, thereafter, filed with this Court a motion to quash the appeal as interlocutory which was granted by Senior Judge Lipsitt on September 5, 1989. Bituminous' subsequent petition for reargument was granted by a per curiam order of this Court. What is now before this Court is Gamble's motion to quash as well as the merits of Bituminous' appeal of William Guthrie's disqualification if the motion is denied.

In our September 5, 1989 order we granted Gamble's motion to quash ruling that the order disqualifying counsel was interlocutory and not within the ambit of the collateral order doctrine enunciated by the United States Supreme Court in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). Under that doctrine an order is appealable if (1) it is separable from and collateral to the main cause of action; (2) the right involved is too important to be denied review and (3) the question presented is one that should it be postponed until final judgment in the case the claimed right will be irreparably

lost. *Id.* at 546, 69 S.Ct. at 1225. Our Supreme Court has adopted the collateral order doctrine. *See, e.g., Pugar v. Greco,* 483 Pa. 68, 394 A.2d 542 (1978); *Bell v. Beneficial Consumer Discount Co.,* 465 Pa. 225, 348 A.2d 734 (1975).

Upon further consideration we again grant the motion to quash. Our research has disclosed that the Pennsylvania Supreme Court has definitively held that a trial court's order granting a motion to disqualify counsel is, as to the party (as distinguished from counsel himself or herself) interlocutory and not appealable. *Middleberg v. Middleberg,* 427 Pa. 114, 233 A.2d 889 (1967). *Middleberg* was, admittedly, decided before our Supreme Court adopted the collateral order doctrine in *Bell.* And, our State Supreme Court has not yet spoken on whether, under *Cohen,* an order granting a party's motion to disqualify counsel is interlocutory. However, under the following analysis, we believe the path is clear.

In a scholarly opinion Judge Wieand of the Superior Court recognized this problem and presaged the result. In *Pittsburgh and New England Trucking Co. v. Reserve Insurance Co.,* 277 Pa.Superior Ct. 215, 419 A.2d 738 (1980), a motion to disqualify counsel was *denied.* Judge Wieand, after surveying the different jurisdictions, which at that time were split on the question of appeal of such an order,[1] observed:

> [A]lthough the Pennsylvania Supreme Court did not apply the standards of *Cohen* in Middleberg v. Middleberg ... it recently has adopted the Cohen reasoning in determining the finality of pre-verdict orders. [Citing *Pugar* and *Bell* ] Whether this is an indication that, presented with the issue at hand, the Supreme Court would reassess its

---

**1.** Those who would permit the appeal maintained that disqualification has grave consequences for the losing party and that review of the final judgment will not provide adequate relief. Those who would not permit the appeal maintained that it is merely another device to delay a final decision on the merits and would divert the court's attention from the substantive issues in the case. *See generally* the discussion in *Pittsburgh and New England; see also* Annot., 44 A.L.R.Fed. 709 (1979) (order on motion to disqualify counsel as separately appealable under 28 U.S.C. § 1291).

position in *Middleberg v. Middleberg* ... is uncertain. By doing so, however, the court would thereby have an opportunity to review the substantial case law which has developed in this area and determine whether immediate appellate review of disqualification orders is necessary or whether a litigant's rights are sufficiently protected by the discretionary certification procedure. Meanwhile, we are bound by *Middleberg v. Middleberg* ... and quash the instant appeal.

*Id.*, 277 Pa.Superior Ct. at 219, 419 A.2d at 740–41.

Our research has disclosed that while the Pennsylvania Supreme Court has still not considered the appealability of a disqualification order under *Cohen,* the United States Supreme Court has now considered this precise issue. In *Richardson–Merrell, Inc. v. Koller,* 472 U.S. 424, 105 S.Ct. 2757, 86 L.Ed.2d 340 (1985), it held that an order *granting* a motion to disqualify counsel in a civil case is not a "final decision" under 28 U.S.C. § 1291.[2] The *Richardson–Merrell* Court opined, "We do not think that the delay resulting from the occasionally erroneous disqualification outweighs the delay that would result from allowing piecemeal appeal of every order disqualifying counsel." *Id.* at 434, 105 S.Ct. at 2763. It also found unpersuasive the argument that permitting immediate appeals from disqualification orders would discourage the tactical use of disqualification motions to harass opposing counsel, maintaining that it is the trial courts which have primary responsibility for policing such matters. *Id.* at 436, 105 S.Ct. at 2764. *Richardson–Merrell,* unlike *Middleberg,* does not even allow disqualified counsel himself or herself a right of appeal. The Court concluded that "[a]n attorney who is disqualified for misconduct may well have a personal interest in pursuing an immediate appeal, an interest which need not coincide with the interests of the client. As a matter of professional

---

**2.** Section 1291 grants the federal courts of appeals jurisdiction over appeals from "final decisions of the district courts...." Although the federal statute uses the term "final decisions" and our state law employs the term "final orders," *see* Pa.R.A.P. 341, we can perceive no substantive difference between the two.

ethics, however, the decision to appeal should turn entirely on the client's interest." *Id.* at 435, 105 S.Ct. at 2763. Finally, the Court observed that often, in order to decide a motion to disqualify, it is necessary to examine the merits of the underlying litigation and that even appellate review of disqualification orders can be entwined with the merits of the litigation. Therefore, it ruled that such orders are not sufficiently collateral or separable from the merits to qualify for appeal under the *Cohen* doctrine. *Id.* at 439–40, 105 S.Ct. at 2765–66.

While our State Supreme Court could, arguably, determine that under state law and its reading of *Cohen* a motion granting disqualification is appealable by the party, in light of the holding in *Richardson–Merrell* we believe that such a determination is most unlikely.[3] Based upon the foregoing discussion, we quash the instant appeal as interlocutory.[4]

## ORDER

NOW, August 15, 1990, the appeal in the above-captioned matter is hereby quashed.

---

[3]. *But see Commonwealth v. Cassidy,* 390 Pa.Superior Ct. 359, 568 A.2d 693 (1989) (in *criminal* case order disqualifying counsel is immediately appealable by criminal defendant).

[4]. Because there has been neither a petition for permission to appeal an interlocutory order pursuant to Pa.R.A.P. 1311 nor a petition for review pursuant to the note to Pa.R.A.P. 1311 (pertaining to a situation where the lower court refuses to certify a controlling question of law), we refrain from reaching that issue.