603 A.2d 257

**TOWNSHIP OF KENNEDY, Appellant,**

v.

**KENVUE DEVELOPMENT, INC., Appellee.**

Commonwealth Court of Pennsylvania.

Argued Feb. 14, 1991.

Decided Jan. 30, 1992.

Mary Jo Miller, for appellant.

Andrea Geraghty, for appellee.

Before PELLEGRINI and KELLEY, JJ., and SILVESTRI, Senior Judge.

KELLEY, Judge.

This case involves the award of counsel fees incurred during the appeal of an interlocutory order. In 1978, Kenvue Development, Inc. and Kenvue Service Company (collectively referred to hereafter as Kenvue) filed a petition for appointment of a board of viewers with the Court of Common Pleas of Allegheny County. The petition alleged a de facto taking of a private sewer system built by Kenvue in Kennedy Township to service a private development. Earlier in 1978, the Department of Environmental Resources (DER) had revoked Kenvue's permit to operate the system and ordered that the system be connected to the municipal system. The de facto taking claim was filed against the township, since it was the township which ultimately took over the system.

The township filed preliminary objections to the petition in 1978, but the case did not move to trial until 1987. Shortly before an evidentiary hearing scheduled in July of that year, the township filed a motion to disqualify the law firm of Hollinshead and Mendelson from representing Kenvue, based on the fact that a former DER senior litigator who was involved in issuing the 1978 order was now associated with the firm and had been involved in discussing strategy with the township prior to the 1978 order. Kenvue cross-filed seeking to dismiss counsel for the township, and the trial judge entered an order denying all the motions for disqualification on July 12, 1988. At the request of the township, the trial judge issued an additional order on August 23, 1988, certifying the order of July 12 for immediate appeal.

The township filed a petition for permission to appeal the July 12 order in this court, and we denied the petition by per curiam order on October 13, 1988. The township went on to file a petition for allowance of appeal with our Supreme

Court, which was denied, and a petition for writ of certiorari with the U.S. Supreme Court, which was also denied.

After the township had exhausted its appeals with respect to the order denying the cross motions, Kenvue filed a petition with the trial court to award counsel fees incurred in the course of the appeals. Kenvue requested fees only for the appeals to the Pennsylvania Supreme Court and the U.S. Supreme Court. The petition was granted by order of the trial court on May 2, 1990, for fees in the amount of $2,110.50 and costs of $584.15. The matter presently before our court is the township's appeal from this order.[1]

Kenvue cites 42 Pa.C.S. § 2503 as authority for the award of counsel fees. Under § 2503(7), fees may be awarded as a sanction for dilatory, obdurate or vexatious conduct, and under § 2503(9) fees may be awarded against a party whose conduct in commencing a matter was arbitrary, vexatious or in bad faith. Kenvue argued before the trial court, and argues here, that the township's motive in pursuing the appeals was merely to delay a hearing on the merits of the case since it is well settled in Pennsylvania that an order relating to a motion to disqualify counsel is interlocutory and unappealable. *Middleberg v. Middleberg*, 427 Pa. 114, 233 A.2d 889 (1967); *Seifert v. Dumatic Industries*, 413 Pa. 395, 197 A.2d 454 (1964).[2] As evidence that the township's conduct was dilatory, obdurate and vexatious, Kenvue states that the township had been notified that the DER litigator had joined the firm seventeen months before the

---

1. An award of counsel fees will not be disturbed in the absence of an abuse of discretion. *State Farm Mutual Automobile Insurance v. Allen*, 375 Pa.Superior Ct. 319, 544 A.2d 491 (1988).

2. We note that the Superior Court has expressed uncertainty with respect to whether our Supreme Court might reassess its position in these cases in light of its adoption in *Bell v. Beneficial Consumer Co.*, 465 Pa. 225, 348 A.2d 734 (1975), of the U.S. Supreme Court's standards for an appealable order expressed in *Cohen v. Beneficial Industries Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). *Pittsburgh and New England Trucking Co. v. Reserve Insurance Co.*, 277 Pa.Superior Ct. 215, 419 A.2d 738 (1980).

motion was made, yet waited until three days before an evidentiary hearing was scheduled to file the motion.[3]

In certifying for appeal, the order denying the motions to disqualify, the trial court quoted 42 Pa.C.S. § 702(b) which authorizes such certification where the trial judge is of the opinion that such order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination" of the case. The township argues that the court's certification of the order for appeal renders meaningless Kenvue's arguments concerning the interlocutory nature of the order. We agree. Regardless whether an order is interlocutory under established case law, a trial court may certify such order for immediate appeal. It appears to us to be a clear abuse of discretion for a trial court to so certify an order, and then to penalize a party for pursuing the appeal vigorously. We therefore reverse the order of the trial court granting counsel fees.

## ORDER

NOW, this 30th day of January, 1992, the order of the Court of Common Pleas of Allegheny County, No. 78–26458, dated May 2, 1990, is reversed.

---

3. Our review of the record reveals no evidence of when the township became aware that the litigator had joined the firm.