**Kurt WITT, Appellee,**

v.

**Carla LaLONDE, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 12, 2000.

Filed Nov. 15, 2000.

Richard J. Orloski, Allentown, for appellant.

Douglas J. Tkacik, Bethlehem, for appellee.

Before DEL SOLE, HUDOCK and STEVENS, JJ.

DEL SOLE, J.:

¶ 1 Carla LaLonde appeals from the trial court's order directing the parties to this partial custody/visitation action to attend an orientation mediation session. We quash the appeal.

¶ 2 Appellee Kurt Witt filed a complaint seeking partial custody/visitation with the parties' minor child. Pursuant to 23 Pa .C.S.A. § 3901 and local rules, the court entered an order directing the parties to a one and one-half hour orientation mediation session.[1] The order specifically stated that attorneys shall not participate. Appellant filed this appeal claiming that the trial court could not lawfully order her to participate in court-ordered mediation "with the explicit condition that [she] relinquish ... her constitutional right to effective assistance of counsel...." Appellant's Brief at 4.

■ ¶ 3 We must first determine if this appeal is properly before this court. Generally, an appeal may only lie from a final order. 42 Pa.C.S.A. § 742; Pa.R.A.P. 341(b)(1). A custody order is final when (1) it is entered after the court has completed its hearings on the merits and (2) it is intended by the court to constitute a complete resolution of the claims pending between the parties. *G.B. v. M.M.B.*, 448 Pa.Super. 133, 670 A.2d 714 (1996) (*en banc*). Appellant recognizes that this order is not a final order but urges us to hear the appeal pursuant to Pa.R.A.P. 313

which provides for immediate appeals as of right from collateral orders.

■ ¶ 4 Under this exception to the finality rule, an order is immediately appealable if: (1) it is separable from and collateral to the main cause of action; (2) the right involved is too important to be denied review; and (3) the question presented is such that if review is postponed until final judgment in the case, the claimed right will be irreparably lost. *Commonwealth v. Johnson*, 550 Pa. 298, 705 A.2d 830 (1998); *Pugar v. Greco*, 483 Pa. 68, 394 A.2d 542 (1978). Assuming, *arguendo*, that the order is separable from and collateral to the main cause of action, we find that the other two prongs of the test are not met in this case.

■ ¶ 5 Appellant contends that the right involved is her Sixth Amendment right to counsel and, since the right involved is of constitutional dimension, immediate appellate review is appropriate. The Sixth Amendment right to counsel applies only to criminal cases. ("In all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defense." U.S. CONST . amend. VI.) As this is not a criminal case, Appellant does not have a constitutional right to counsel. Moreover, the order does not affect Appellant's statutory right to have counsel when the case is heard by the court. *See* 42 Pa.C.S.A. § 2501. The second prong of the test is therefore not met.

¶ 6 The third prong of the test, that the claimed right will be irreparably lost if review is postponed until final judgment, is

---

1. Both the order, which is apparently a standard order in Lehigh County, and the trial court's opinion use the term "orientation mediation session." Pursuant to the statute and rules, the court may order parties to attend an "orientation session" whose purpose is to educate the parties on the mediation process so that they can make an informed choice about participation in mediation. 23 Pa.C.S .A. § 3901; Pa.R.C.P.1940.2 and 1940.3(a). The court may not, however, order mediation un-

less the parties consent. 23 Pa.C.S.A. § 3901; Pa.R.C.P.1940.3(c). Thus, the term "orientation mediation session" is somewhat inaccurate and misleading. We believe it would be more descriptive and appropriate to use the terms used in the statute and rules: "orientation session" to describe the initial process and "mediation" to describe only the subsequent mediation process to which the parties have consented.

not met either. In *Johnson,* 550 Pa. 298, 705 A.2d 830, our Supreme Court held that an order disqualifying counsel in a criminal case did not satisfy the collateral order exception because the claim could be reviewed post-judgment and a new trial could be granted if the order was improperly entered. Moreover, the court noted that the issue could become moot if a judgment were rendered in the appellant's favor. Here, too, there is no reason why the issue cannot be reviewed post-judgment and there is also the possibility that Appellant would be satisfied with the ultimate outcome of the case and the issue would become moot.[2] Notably, *Johnson* did involve a constitutional right to counsel which is not present here. Therefore, the reasoning in *Johnson* is even more persuasive in the present case which does not involve a constitutional right to counsel.

¶ 7 As two of the three prongs of the test for a collateral order have not been met, the appeal is not properly before us. We therefore quash this appeal.

¶ 8 Appeal quashed.

2. We note that mediation does not result in a final determination in a custody case; that decision can only be made by the court after hearing or by consent of the parties.