**Dinzel John KARCH a/k/a Dinzel J. Karch a/k/a Dinzel Karch, Appellant,**

**v.**

**Christine Elizabeth Stewart KARCH a/k/a Christine Stewart Karch a/k/a Christine Karch, Appellee.**

Superior Court of Pennsylvania.

Argued April 5, 2005.

Filed July 22, 2005.

Ronald D. Ashby, Media, for appellant.

Mary V.Z. Wachterhauser, Media, for appellee.

Before: STEVENS, TODD, and GANTMAN, JJ.

OPINION BY STEVENS, J.:

¶ 1 Dinzel Karch ("Husband") appeals from the June 29, 2004 order of the Court of Common Pleas of Delaware County, which granted Christine Karch's ("Wife") petition to disqualify Husband's counsel from representing him in pending divorce, custody, and support proceedings. Because this appeal was taken from an interlocutory order that is not appealable, we quash.

¶ 2 Husband, who was represented by Ronald Ashby, instituted divorce proceedings against Wife in 1995. On January 26, 1996, the matter was postponed due to the parties' reconciliation. Following the reconciliation, Attorney Ashby represented Husband in several matters relating to his small business. Further, from August through December 2000, Attorney Ashby represented Husband and Wife in a custody and guardianship proceeding.

¶ 3 In March 2004, Wife sought a Protection From Abuse Order ("PFA") against Husband. Husband, who was represented by Attorney Ashby, ultimately consented to the entry of the PFA. The PFA was withdrawn in April 2004, when the parties attempted reconciliation.

¶ 4 On May 17, 2004, Wife sought a second PFA against Husband. A hearing took place on May 20, 2004. At the hearing, Wife sought to disqualify Attorney Ashby from representing Husband. The Honorable Michael F.X. Coll denied the request. Also on May 20, 2004, Husband reactivated the divorce proceedings.

¶ 5 On June 10, 2004, Wife filed a petition to disqualify Attorney Ashby from representing Husband in the divorce, custody, and support proceedings. Wife filed an amended petition on June 14, 2004. Following a hearing on June 29, 2004, the trial court granted the petition. Husband filed a motion for reconsideration, which was denied on July 26, 2004. The instant, timely appeal followed. Husband was ordered to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P.1925(b). Accordingly, Husband filed his 1925(b) statement[1] and the trial court subsequently issued its opinion.

¶ 6 We may not address the merits of this appeal without first determining whether the trial court's order disqualifying counsel is appealable. Husband invokes our jurisdiction pursuant to Pa. R.A.P. 341. It is well settled that an order disqualifying counsel is not a final, appealable order pursuant to Pa.R.A.P. 341. *Middleberg v. Middleberg*, 427 Pa. 114, 115–16, 233 A.2d 889, 890–91 (1967). In *Middleberg*, the Pennsylvania Supreme Court held that an order disqualifying counsel was interlocutory and unappealable. *Id.* However, our inquiry does not end with *Middleberg*, as *Middleberg* was decided prior to the adoption of the collateral order doctrine and in *Vertical Resources, Inc. v. Bramlett*, 837 A.2d 1193 (Pa.Super.2003), this Court held that a motion disqualifying counsel could be appealable pursuant to Pa.R.A.P. 313. *Id.* at 1199–1200.

¶ 7 Pennsylvania Rule of Appellate Procedure 313 provides that an appeal can be taken of right from a collateral order, and it defines as collateral order as:

an order separate from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

1. We note that Appellant's five-page, twenty-one issue 1925(b) statement hardly qualifies as "concise."

Pa.R.A.P. 313(b). In *Vertical Resources*, a panel of this Court found that an order disqualifying counsel easily satisfied the first and third requirements[2] of the collateral order doctrine but only found that it met the second requirement due to the "unique facts" of that particular case. *Vertical Resources*, 837 A.2d at 1199–1200. In that case, counsel had agreed to represent Appellant at an hourly rate with a capped maximum fee, and she was unable to afford other counsel. *Id.* Further, the propriety of another order in the case was also before the court, and thus the interest in avoiding piecemeal litigation was not implicated. *Id.*

 ¶ 8 Those circumstances are not present in the instant matter. There is no right to counsel in divorce, custody, or support proceedings. *Witt v. LaLonde*, 762 A.2d at 1110–1111. The record here reveals that Husband has already retained other counsel to represent him in the ongoing divorce proceedings; thus, we are not faced with a situation where a litigant will be either forced to proceed *pro se* or to withdraw the litigation if counsel is disqualified. Further, there are on-going divorce, custody, and child support proceedings in this matter, and thus there is every possibility of piecemeal litigation.[3] Lastly,

Husband has not pointed to any particular reason why representation by Attorney Ashby in these proceedings is crucial or why the issue could not be reviewed after entry of the final orders in this matter. Accordingly, we find that Husband has not satisfied either the second or third requirement of the collateral order doctrine and the matter before us is an unappealable, interlocutory order.

¶ 9 For the foregoing reasons, we quash this appeal.

¶ 10 Appeal quashed.

---

**2.** In *Commonwealth v. Johnson*, 550 Pa. 298, 705 A.2d 830 (1998), the Pennsylvania Supreme Court held that an order disqualifying a criminal defendant's choice of counsel was interlocutory, noting, in part, that, like a denial of a suppression motion, an order disqualifying counsel was reviewable after judgment of sentence. *Id.* at 305–06, 705 A.2d at 834. In *In Re N.B.*, 817 A.2d 530, 536 (Pa.Super.2003), we held that an order disqualifying Mother's counsel in a dependency proceeding was interlocutory, again noting that the issue could be reviewed on appeal after a dependency adjudication. In *Witt v. LaLonde*, 762 A.2d 1109, 1110–11 (Pa.Super.2000), this Court again held that an order disqualifying counsel in child custody proceedings was in-

terlocutory and the disqualification could be reviewed after the entry of an unfavorable final judgment. *Id.* In *Vertical Resources*, we believe that the finding that the order was reviewable on appeal turned on the particular circumstances of that case, *i.e.*, that Appellant was indigent and would have been unable to retain other counsel and proceed with the matter, if her current counsel had been disqualified. *See Vertical Resources, supra.*

**3.** We note that these parties have recently been before us on an appeal arising from a Protection From Abuse proceeding.