J-A20027-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ADOPTION OF L.R., A MINOR CHILD | : : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: L.R. | : | No. 464 WDA 2018 |

Appeal from the Order March 2, 2018
in the Court of Common Pleas of Washington County
Orphans' Court at No(s):  No. 63-17-0648

BEFORE:  BENDER, P.J.E., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:              **FILED DECEMBER 3, 2018**

L.R. ("Child"), born in March 2015, by his former court-appointed counsel, Joyce A. Hatfield-Wise, Esquire ("Attorney Hatfield-Wise"), purportedly appeals from the Order (hereinafter, the "Removal Order") that disqualified Attorney Hatfield-Wise as Child's counsel.  We quash the appeal.

While Attorney Hatfield-Wise was representing Child in early 2018 concerning proceedings to terminate the parental rights of Child's parents, counsel for Child's mother made an oral Motion to disqualify Attorney Hatfield-Wise.  The trial court disqualified Attorney Hatfield-Wise, finding that she had a conflict of interest due to her prior representation of Washington County Children and Youth Services (the "Agency"), in a dependency aspect of Child's case in 2015.  The Removal Order appointed, as Child's new legal counsel, Frank Kocevar, Esquire ("Attorney Kocevar"), who had previously served as the guardian *ad litem* for Child in the dependency proceedings.  Attorney Hatfield-Wise timely filed a Notice of appeal from the Removal Order, along

with a Concise Statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b).

In the brief on appeal purportedly filed on behalf of Child,[1] Attorney Hatfield-Wise raises two issues:

> 1. Whether the trial court erred as a matter of law when it ordered the removal of court[-]appointed legal counsel for [Child,] … upon the oral motion of [Child's m]other's counsel[,] without any notice or evidence that [Attorney Hatfield-Wise's] involvement more than 2 years ago was substantial, that Rule 1.11 [of the Pennsylvania Disciplinary Rules] inured to the benefit of parent's counsel, or that [Attorney Hatfield-Wise] had any conflict of interest with the Agency in this matter?
>
> 2. Whether the trial court abused its discretion when it … further ordered [Attorney Hatfield-Wise] to leave the courtroom and nearly the courthouse?

Brief for Attorney Hatfield-Wise at 4 (emphasis omitted).

Before we may address the merits of these issues, however, we must determine if the Removal Order is appealable by Attorney Hatfield-Wise, who purports to appeal in a representative capacity on behalf of Child. Initially, it is well established that an order disqualifying counsel is interlocutory and unappealable as to the party represented by counsel. *See Middleberg v. Middleberg*, 233 A.2d 889, 890-91 (Pa. 1967). Moreover, our Pennsylvania Supreme Court has clarified that an order disqualifying counsel does not

---

[1] Child's parents have not participated in this appeal. Counsel for the Agency filed a brief urging this panel to affirm the Removal Order. According to the Agency, "all lower court proceedings have been halted because of [A]ttorney Hatfield-Wise's appeal to this Court[,]" which is thwarting achieving permanency for Child. Brief for the Agency at 3.

satisfy the collateral order exception set forth at Pa.R.A.P. 313. **See Vaccone v. Syken**, 899 A.2d 1103, 1107 (Pa. 2006) (superseded on other grounds); **see also Richardson-Merrell, Inc. v. Koller**, 472 U.S. 424, 440 (1985) (same). Finally, we emphasize that upon disqualifying Attorney Hatfield-Wise as Child's counsel, the trial court immediately appointed Attorney Kocevar to represent Child, who was familiar with Child's case; thus, Child is neither unrepresented nor aggrieved. **See** Trial Court Opinion, 4/27/18, at 2 (finding that Attorney Kocevar "was very familiar with the case and this [c]ourt determined that we could proceed without prejudicing any party[,]" *i.e.*, after the disqualification of Attorney Hatfield-Wise); **accord In re N.B.**, 817 A.2d 530, 536 (Pa. Super. 2003) (holding that an order that denied the mother in a dependency matter the power to discharge court-appointed counsel in favor of new counsel was interlocutory and unappealable, and noting that "no right held by [m]other was lost by the lower court's order denying [m]other's request to change counsel[.]"). Accordingly, we quash the appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/3/2018