**Peter G. KOHUT, Appellant**

v.

**Bonnie L. BLOUGH, Appellee.**

Superior Court of Pennsylvania.

Submitted June 22, 2004.

Filed Oct. 8, 2004.

Melaine S. Rothey, Pittsburgh, for appellant.

Sandra J. MacPherson, Verona, for appellee.

Before: DEL SOLE, P.J., JOYCE and CAVANAUGH,* JJ.

DEL SOLE, P.J.:

¶ 1 This matter comes before us upon the denial of Appellant's petition to transfer venue of a child custody action. Because we find that this appeal is not properly before us, we quash.

¶ 2 The genesis of this action was when, in 1994, Appellee "Mother" named Appellant "Father" as the defendant in a child support action in Allegheny County. Thereafter, Father filed a petition seeking custody of the parties' son. Father was subsequently awarded primary custody of the child, and he began to live with Father in Butler County in 2001. In 2003, various issues with regard to custody arose and modifications to the custody order were made. Subsequently, Father petitioned the trial court for change of venue to Butler County. The trial court denied Father's petition and this appeal followed.

¶ 3 Rule of Appellate Procedure 311(b) governs appeal from orders sustaining

---

* Judge Cavanaugh did not participate in this decision.

venue. This Rule provides that an appeal from an order denying the transfer of venue, as an interlocutory order, is appealable as of right if "(1) the plaintiff, petitioner or other party benefiting from the order files of record within ten days after the entry of the order an election that the order shall be deemed final; or (2) the court states in the order that a substantial issue of venue or jurisdiction is presented." Pa.R.A.P. 311(b).

¶ 4 In this instance, the court made no such statement in its order, and so the first sub-section governs our inquiry. Its language requires that the party benefiting from the order elect to have the order deemed final. The emphasis on the benefiting party is vital. The very premise of the Rule is to give the benefiting party the option to have the issue of venue adjudicated in an expedited manner, for even if the benefiting party does not elect to have the order deemed final, the challenging party may still raise venue in an appeal from a determination on the merits. Pa.R.A.P. 311(g)(2).

¶ 5 Mother was the party who benefited from the order in question, and she did not file an election to have the order deemed final within ten days of its entry. We are therefore without jurisdiction to hear this appeal.

¶ 6 Appeal quashed.