J-A14007-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| IN THE INTEREST OF: M.B., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| APPEAL OF: R.B., FATHER | No. 2123 MDA 2014 |

Appeal from the Order Entered November 21, 2014
In the Court of Common Pleas of Susquehanna County
Juvenile Division at No(s): CP-58-DP-0000021-2014

BEFORE: BENDER, P.J.E., JENKINS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                    **FILED JUNE 17, 2015**

R.B. (Father) appeals from the order dated November 19, 2014, and entered on November 21, 2014, that denied Father's motion to dismiss this matter involving a child dependency action filed by Susquehanna County Services for Children and Youth (CYS). After review, we quash this appeal.[1]

Father and L.B. (Mother) are married and the parents of M.B. (Child), who was born at Wilson Hospital, in Johnson City, New York, in June of 2014. At the time of Child's birth, Mother and Father lived at Father's aunt's house in Susquehanna County, Pennsylvania, and had had interactions with

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Father has failed to comply with Pa.R.A.P. 124(a)(3) and (4) by not double spacing the text in his briefs and by employing lettering that is smaller than 14 points. Although we disprove of the failure to comply with the rules of appellate procedure and could chose to suppress Father's submissions, we do not do so in light of the reasoning for our quashal of this appeal.

CYS in regard to some of the couple's other children.[2]  Upon learning of Child's birth, the court granted CYS's emergency protective custody order, which resulted in Child's removal from the parents' custody with placement in a foster home.  At the time of the removal from the parents' custody by authorized law enforcement personnel pursuant to the court's order for emergency protective order, dated June 26, 2014, Child was located at Wilson Hospital in the State of New York.  The next day a shelter care hearing was held, resulting in a court order directing that Child should remain in the legal custody of CYS and should be housed with the same foster family where her sister, B.B., was placed.

Following a hearing on July 29, 2014, Child was found to be a dependent child with placement to continue in the foster home.  A review hearing was scheduled to be held in four months.  On November 18, 2014, Father filed a motion to discontinue this matter, asserting that the court lacked "jurisdictional authority over the [C]hild" because CYS failed to properly transfer the June 26, 2014 Pennsylvania order to New York.  Thus, Father claimed that Child was wrongfully taken into custody and held against the wishes of her parents.  Motion to Dismiss, 11/18/14.  In response, the

_____

[2] For example, Mother's appeal from the termination of her parental rights to another child was reviewed and affirmed by this Court in December of 2014. *See In re Interest of B.B.*, No. 979 MDA 2014, unpublished memorandum (Pa. Super. filed December 3, 2014).  This prior case supported in part the court's finding of aggravated circumstances in the present case.

court issued the order presently on appeal, denying Father's motion to dismiss. *See* Order, 11/21/14. In its order, the court noted Father's appearance with counsel at the shelter care hearing and Child's presence in Susquehanna County at that time. *Id.* Thus, the court concluded it had jurisdiction. *Id.*

Father filed an appeal on December 15, 2014, along with a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i). In his main brief to this Court, Father sets forth the following issues he wishes to have addressed in this appeal:

> 1. Whether the Court of Common Pleas can gain jurisdiction over the subject matter of the child to place custody of a child in the care of Susquehanna County Children and Youth Services when the Agency violated 28 U.S.C. [§] 1728 and 28 U.S.C. [§] 1728A by failing to obtain Full, Faith and Credit of the Pennsylvania court order through [sic] not entering the order in the State of New York and taking custody of the child without procedurally fulfilling the requirements of the federal act or the acts in either state involved?
>
> 2. Whether the trial court violated procedural due process of the law when the court summarily denied [Father's] … Motion to Dismiss the action based upon lack of in personam jurisdiction when the motion was attached to a rule returnable requesting a date and time to present the case?
>
> 3. Whether [Father] waived his claim of lack of the court's jurisdiction when he appeared at the shelter care hearing on June 27, 2014 with counsel and failed to raise the issue?
>
> 4. Did the court error [sic] by failing to grant dismissal of the proceedings for lack of jurisdiction over the child?

Father's Main Brief at 4.

However, before we may consider Father's arguments relating to these issues, we must address whether Father's appeal was taken from an order that is not final and is, thus, not appealable. Upon receipt of Father's appeal, this Court issued a rule to show cause order, stating:

Appellant, [F]ather, filed a notice of appeal from the November 19, 2014 order denying his motion to dismiss, noting the child was within the jurisdiction of the Susquehanna County Court of Common Pleas. An appeal may be taken as of right from an order in a civil action dismissing an objection to jurisdiction or venue only if the plaintiff, petitioner or other party benefiting from the order files of record, within ten days after entry of the order, an election that the order shall be deemed final, or that the court states in the order that a substantial issue of jurisdiction or venue is presented. *See* Pa.R.A.P. 311(b)(1) or (2); *Kohut v. Blough*, 860 A.2d 1044 (Pa. Super. 2004). It appears that neither condition of Rule 311(b) was satisfied in this matter.

Accordingly, [Father] is hereby directed to show cause, within 14 days of the date of this order, as to why this appeal should not be quashed as having been taken from an order that is interlocutory and not appealable.

Superior Court Order, 12/31/14.

Father responded to this Court's rule to show cause, acknowledging that the Pa.R.A.P. 311(b)(1) or (2) requirements were not met; however, he contends that "the present matter does satisfy the requirements to allow an interlocutory appeal as of right under Pa.R.[A.]P. 313 Collateral Orders." Father's Show Cause Brief at 2. Upon receipt of his Show Cause Brief, this Court deferred the appealability issue to the merits panel and discharged the rule to show cause. Superior Court Order, 1/21/15.

- 4 -

The appealability of this matter is now ripe for resolution. "Whether an order is appealable under Pa.R.A.P. 313 is a question of law. [Thus,] our standard of review is *de novo* and our scope of review is plenary." ***Rae v. Pennsylvania Funeral Directors Ass'n.***, 977 A.2d 1121, 1126 n.8 (Pa. 2009). We begin by setting forth the rule involving collateral orders, which states:

**Rule 313. Collateral Orders**

**(a) General rule.** An appeal may be taken as of right from a collateral order of an administrative agency or lower court.

**(b) Definition.** A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

Pa.R.A.P. 313. In ***In the Interest of J.S.C.***, 851 A.2d 189 (Pa. Super. 2004), this Court discussed the collateral order doctrine, explaining:

The "collateral order doctrine" exists as an exception to the finality rule and permits immediate appeal as of right from an otherwise interlocutory order where an appellant demonstrates that the order appealed from meets the following elements: (1) it is separable from and collateral to the main cause of action; (2) the right involved is too important to be denied review; and (3) the question presented is such that if review is postponed until final judgment in the case, the claimed right will be irreparably lost. **See** Pa.R.A.P. 313; ***see also Witt v. LaLonde***, 762 A.2d 1109, 1110 (Pa. Super. 2000) (citations omitted).

***Id.*** at 191.

- 5 -

Our Supreme Court in **_Rae_** also discussed the test whereby we may have appellate jurisdiction of a matter that does not arise from a final order, stating:

> [W]here an order satisfies Rule 313's three-pronged test, we may exercise appellate jurisdiction where the order is not final. If the test is not met, however, and in the absence of another exception to the final order rule, we have no jurisdiction to consider an appeal of such an order. **_See Commonwealth v. Kennedy_**, 583 Pa. 208, 215, 876 A.2d 939, 943 (2005) (a Rule 313 issue is "an issue of [an appellate court's] jurisdiction to entertain an appeal").

**_Rae_**, 977 A.2d at 1125. Moreover, "the collateral order doctrine is to be construed narrowly, and … require[s] every one of its three prongs be clearly present before collateral appellate review is allowed." **_Id._** at 1126. Additionally, the "test must be applied independently to each distinct legal issue over which an appellate court is asked to assert jurisdiction pursuant to Rule 313." **_Id._** at 1130.

In his Show Cause Brief, Father essentially offers two arguments, _i.e._, one that involves jurisdiction and the other claiming a lack of due process in relation to the motion to dismiss. In regard to the jurisdiction claim, it appears that Father is claiming that the trial court does not have subject matter jurisdiction of this matter because CYS did not have "legal authority … to take custody of the baby in New York without procuring full faith and credit of the Pennsylvania order and the effect this had on the trial court's jurisdiction." Father's Show Cause Brief at 5. Thus, Father's argument

centers on subject matter jurisdiction and merely mentions personal jurisdiction over Child in his statement of the issue.[3]

In addressing the three-pronged collateral order test, Father asserts that the denial of his motion to dismiss is separable from what he identifies as a "custody" case rather than a dependency matter. He further discusses the importance prong, indicating that without jurisdiction any order issued by the court would be void and that without a review of the jurisdiction of the court at this point, months or years would go by before the jurisdictional issue could be reviewed. Father then attempts to discuss the irreparably lost prong, arguing that if the jurisdiction issue is not determined now, it will be lost. However, his discussion centers on the deprivation of rights, which he claims are "too important to be denied immediate review." Father's Show Cause Brief at 5.

Even if we were to determine that Father has satisfied the first two prongs of the collateral order rule, we conclude that he has not met the third prong of the test concerning the jurisdiction claim. In **H.R. v. Department of Public Welfare**, 676 A.2d 755, 759 (Pa. Cmwlth. 1996), the Commonwealth Court reviewed the issue of whether "an order sustaining subject matter jurisdiction … is fully reviewable on appeal from a final

_____

[3] We do not address personal jurisdiction in this decision in light of Father's failure to provide any argument in this regard in his discussion directed to the jurisdiction issue.

judgment[,]" concluding that if the determination was postponed until the case is concluded, the jurisdictional issue would *not* be irreparably lost. The ***H.R.*** decision relied on ***Coopers & Lybrand v. Livesay***, 437 U.S. 463 (1978), wherein the United States Supreme Court discussed the third prong of the collateral order test "as mandating that the order at issue be 'effectively unreviewable on appeal from a final judgment.'" ***H.R.***, 676 A.2d at 759 (quoting ***Coopers***, 437 U.S. at 468). In ***H.R.***, the court explained that in the context of a proper appeal, there is nothing precluding a petitioner from arguing that the court lacked subject matter jurisdiction. Similarly, here, if review would be postponed until after a final order is entered in the dependency matter, Father's jurisdictional issue would not be irreparably lost. Thus, we conclude that Father has not satisfied all three prongs of the collateral order rule relating to the jurisdiction issue.

As for Father's lack of due process claim, he asserts that he was not provided with an opportunity to present argument to support his motion to dismiss the dependency action. Specifically, he claims that his motion to dismiss is separate and apart from the "custody" action. Father also argues that his right to a hearing is "deeply rooted in public policy" and is, therefore, a right too important to be denied. Father's Show Cause Brief at 7. Lastly, he asserts that his motion to dismiss was "summarily denied" and if "not heard at the present [time], it will be lost." ***Id.***

We again disagree with Father's position on this claim. Father, who appeared at various proceedings including the shelter care hearing, was aware of the issues confronting the court as to the dependency action filed by CYS. His motion to dismiss is intricately involved in the dependency action. In fact, it relates directly to that action, seeking to have that action dismissed. We therefore conclude that Father's due process claim arising from the denial of his motion to dismiss is not separable and does not meet the first prong of the collateral order test.

Accordingly, we determine that Father has not satisfied all three prongs of the collateral order rule with regard to both issues he has raised and, therefore, because the order Father has appealed from is interlocutory, we are compelled to quash his appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/17/2015