851 A.2d 189 (2004)
In the Interest of: J.S.C., A Minor. Appeal of: Monroe County Children and Youth Services.
Superior Court of Pennsylvania.
Submitted March 8, 2004.
Filed May 24, 2004.
Elizabeth B. Weekes, Stoudsburg, for appellant.
Jennifer H. Siburn, for S.C., appellee.
Before: HUDOCK, McCAFFERY and POPOVICH, JJ.
POPOVICH, J.
¶ 1 Monroe County Children and Youth Services (CYS) purports to appeal from the order entered on October 15, 2003, in the Court of Common Pleas of Monroe County, that ordered CYS to arrange visitation sessions between J.S.C., a minor, and, S.C. (Mother), who is incarcerated currently at SCI-Muncy. Upon review, we quash.
¶ 2 The relevant facts of this case are not in dispute. J.S.C. was taken into protective custody on March 11, 2002, and she was placed in foster care shortly after her birth. On March 15, 2002, following CYS' petition, J.S.C. was found dependent by the trial court. Despite placement in foster care since birth, CYS' permanency goal for J.S.C. continues to be reunification with Mother.
¶ 3 On June 2, 2003, Mother, while incarcerated, filed a petition to compel parental visitation. The trial court conducted a hearing on Mother's petition on October 14, 2003. Thereafter, on October 15, 2003, the trial court granted Mother's petition. After the trial court granted Mother's petition, CYS filed a notice of appeal to this Court on October 30, 2003. On November 7, 2003, after filing its notice of appeal, CYS filed a petition for a permanency review hearing; the trial court scheduled a hearing on CYS' petition for December 16, 2003. On November 10, 2003, the trial court ordered CYS to file a Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal, and CYS complied. On November 24, 2003, the trial court authored a Pa.R.A.P.1925(a) opinion that addressed CYS' matters.
*190 ¶ 4 Before we reach a recitation of CYS' issues, we must first consider whether this appeal is properly before this Court. Rieser v. Glukowsky, 435 Pa.Super. 530, 646 A.2d 1221, 1223 (1994) (stating that issue of jurisdiction may be raised by appellate court sua sponte). Generally, appeals lie only from a "final order." See 42 Pa.C.S.A. § 742. CYS alleges that the order before this Court is final and, therefore, appealable.
¶ 5 We are guided in our consideration of the finality of the trial court's October 15th order by our Supreme Court's analysis in the recent case of In the Interest of H.S.W.C.-B. & S.E.C.-B., 575 Pa. 473, 836 A.2d 908 (2003). In H.S.W.C.-B. & S.E.C.-B., our Supreme Court considered the finality of orders denying petitions to change a family service plan goal and orders terminating parental rights where such orders do not affect the status quo of the children. H.S.W.C.-B. & S.E.C.-B., at 474-75, 836 A.2d at 909-10. The Court held that such orders were final and appealable and held that "[a]ll orders dealing with custody or visitation, with the exception of enforcement or contempt proceedings, are final when entered." Id., at 477, 836 A.2d at 911. This statement, then, would lend credence to CYS' assertion that the order in the present case is final and appealable.
¶ 6 Nevertheless, in In the Interest of M.D., 839 A.2d 1116 (Pa.Super.2003), we declined to extend the holding of H.S.W.C.-B. & S.E.C.-B., to an appeal by M.D., a juvenile adjudicated delinquent, from an order that continued his commitment in a residential treatment facility and set a review hearing four months after the date of the order. M.D., 839 A.2d at 1121-22. We held that the Supreme Court's rationale in H.S.W.C.-B. & S.E.C.-B. was not controlling in M.D. because the issue in H.S.W.C.-B. & S.E.C.-B. was a change of goal and termination of parental rights, and the issue in M.D. was place of commitment following adjudication of delinquency. Id., 839 A.2d at 1122. Thus, we reasoned that the difference of issues involved in each respective case and the effect our decision would have on the application of Pa.R.A.P. 1701 (relating to the authority of the trial court to act on matters before an appellate court) militated against extending the holding of H.S.W.C.-B. & S.E.C.-B. to a delinquency matter. Id., 839 A.2d at 1122. Accordingly, we concluded that the extension of H.S.W.C.-B. & S.E.C.-B. to a delinquency matter was best left to our Supreme Court or its Rules Committee, and we quashed the appeal as interlocutory. Id., 839 A.2d at 1122.
¶ 7 The present case raises identical concerns to those underlying our analysis of the finality of the order appealed from in M.D. The record reflects that, after taking an appeal to this Court, CYS filed a petition for a permanency review hearing, which the trial court scheduled for December 16, 2003. Therefore, the present case raises questions regarding the application of Pa.R.A.P. 1701. Moreover, as was the case in M.D., this case concerns a question of the propriety of a visitation order entered following an adjudication pursuant to the Juvenile Act, 42 Pa.C.S.A. § 6301, et seq., as opposed to H.S.W.C.-B. & S.E.C.-B., in which a children and youth agency appealed from an order denying a petition for change of goal and termination pursuant to the Adoption Act, 23 Pa.C.S.A. § 2501, et. seq.
¶ 8 "Visitation," in the context of Title 23, is defined as a parent's right to visit his or her child. See 23 Pa.C.S.A. § 5302. A trial court's discretion vis-à-vis parental visitation orders entered pursuant to Title 23 is controlled by Pa.R.Civ.P.1915.1, et. seq. On the other hand, the Juvenile Act, 42 Pa.C.S.A. § 6301, et. seq., does not provide *191 a definition for "visitation," and a trial court's discretion with respect to petitions for visitation following an adjudication of dependency or delinquency is not controlled by a specific statute or rule. See In re C.J., 729 A.2d 89, 93 (Pa.Super.1999). Instead, a children and youth agency's discretion regarding parental visitation following adjudication of dependency or delinquency is controlled by an interpretive administrative regulation codified at 55 Pa. Code § 3130.68. Id., 729 A.2d at 93. As such, we conclude that our Supreme Court's admonition in H.S.W.C.-B. & S.E.C.-B. that "[a]ll orders dealing with custody or visitation, with the exception of enforcement or contempt proceedings, are final when entered" referred solely to orders entered pursuant to the Adoption Act, 23 Pa.C.S.A. § 2501, et. seq., and is not controlling in our analysis of the finality of visitation orders entered following adjudication under the Juvenile Act, 42 Pa.C.S.A. § 6301, et. seq. See, e.g., M.D., 839 A.2d at 1122. Therefore, as was the case in M.D., we decline to consider prospectively whether the Pennsylvania Supreme Court would extend the holding of H.S.W.C.-B. & S.E.C.-B. to a case such as the one before us, where a children and youth agency appeals from an order granting visitation to the parent of a dependent child. Id., 839 A.2d at 1122. This question is best left to our Supreme Court or its Rules Committee. Id., 839 A.2d at 1122. Accordingly, we conclude that the order in the present case is not a "final order."
¶ 9 Additionally, CYS contends that the present order is a final order pursuant to our holding in In the Interest of Rhine, 310 Pa.Super. 275, 456 A.2d 608 (1983). In Rhine, we entertained the appeal of Richard and Cheryl Rhine (the parents) from the indefinite suspension of their visitation rights with their minor daughter. Rhine, 456 A.2d at 609. We did not discuss the nature of the underlying order in Rhine, but when we addressed the merits of this appeal, this Court concluded that, "the present state action threatens either a prolonged, indefinite or a permanent loss of a substantial private interest...." Rhine, 456 A.2d at 612-13 n. 7. From this conclusion, it appears that our exercise of jurisdiction in Rhine was proper pursuant to the "collateral order doctrine."
¶ 10 The "collateral order doctrine" exists as an exception to the finality rule and permits immediate appeal as of right from an otherwise interlocutory order where an appellant demonstrates that the order appealed from meets the following elements: (1) it is separable from and collateral to the main cause of action; (2) the right involved is too important to be denied review; and (3) the question presented is such that if review is postponed until final judgment in the case, the claimed right will be irreparably lost. See Pa.R.A.P. 313; see also Witt v. LaLonde, 762 A.2d 1109, 1110 (Pa.Super.2000) (citations omitted).
¶ 11 In Rhine, the parents appealed from the indefinite suspension of their parental visitation rights. Clearly, a parent has a protected interest in the visitation of their dependent child, which is too important to be denied appellate review when attacked. Rhine, 456 A.2d at 612-13 n. 7. Moreover, an order abridging a parent's right to visitation with his or her child is separable and collateral to a dependency action because it does not require an analysis of the merits of the underlying case. See, e.g., Vertical Res., Inc. v. Bramlett, 837 A.2d 1193, 1199 (Pa.Super.2003). Lastly, if appellate review of the issue were denied until a final judgment, the right of visitation could be irreparably lost because the parent's rights in the dependent child could be terminated via petition. Therefore, contrary to CYS' assertion, the *192 order in the present case does not constitute an appealable "final order" pursuant to Rhine because the order appealed from in Rhine was not "final."
¶ 12 Thus, as we have concluded that the order before us is not "final," to reach the merits of this appeal, we must consider whether the trial court's order constituted an appealable collateral order. The Pennsylvania appellate courts have applied the collateral order doctrine to address a children and youth agency's appeal from a trial court's directive to the children and youth agency to provide services to a dependent child. In In Re: N.E., 787 A.2d 1040, 1041 n. 1 (Pa.Super.2001), this Court concluded that the Philadelphia Department of Human Services' appeal from the trial court's order to pay a portion of N.E.'s dental bills was appealable pursuant to the collateral order doctrine. Likewise, in In Re: Tameka M., 525 Pa. 348, 580 A.2d 750 (1990), the Pennsylvania Supreme Court addressed the appeal of CYS of Allegheny County (CYS Allegheny) from this Court's affirmance of the trial court's order requiring CYS Allegheny to reimburse Tameka M.'s foster family for its expenses in sending Tameka M. to a private pre-school. Therefore, at first blush, it would seem that this Court has jurisdiction over the present appeal.
¶ 13 Nevertheless, the crux of CYS' argument in the present appeal differs substantially from the arguments presented by the respective children and youth services agencies in N.E. and Tameka M. In each of those cases, the respective agency sought review of the proper allocation of discretion between the trial court and the agency to determine how the resources of the respective agency would be spent. See N.E., 787 A.2d at 1042; see also Tameka M., at 350-51, 580 A.2d at 751. Thus, it was necessary to address on review the questions raised in N.E. and Tameka M. because the right involved was too important to be denied review.
¶ 14 Here, CYS claims that visitation with Mother is a grave threat to J.S.C. and not in J.S.C.'s best interest. See CYS' brief, at 8-9. This question is not of the same character as those presented in N.E. and Tameka M. because CYS is not asserting any of the panoply of rights it holds as a Commonwealth agency. Rather, CYS presents an issue which impinges upon the right of Mother to visit her child. While we agree that this right is important, one seeking appellate review of an order pursuant to the collateral order doctrine must demonstrate that a right, which they possess, is too important to be denied review and will be lost if review is postponed until final judgment. See, e.g., See Pa.R.A.P. 313; see also Witt, 762 A.2d at 1110. CYS does not possess a "right" to prevent Mother from visiting with J.S.C. Accordingly, the order CYS purports to appeal from does not foreclose CYS from asserting an "important right," and, therefore, the order is not appealable via the collateral order doctrine. See Kovatch Enters, v. Hazleton Elec. Supply Co., 714 A.2d 464, 465 (Pa.Super.1998) (to be appealable order under collateral order doctrine, order must meet all three criteria, otherwise order cannot be appealed). Consequently, we quash CYS' appeal as interlocutory.
¶ 15 Appeal quashed.