J-A29036-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: ST.M., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: M.M., MOTHER | : | No. 193 EDA 2017 |

Appeal from the Order Entered December 14, 2016
In the Court of Common Pleas of Philadelphia County
Family Court at No(s): CP-51-DP-0003333-2015

| | | |
|---|---|---|
| IN THE INTEREST OF: SU.M., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: M.M., MOTHER | : | No. 195 EDA 2017 |

Appeal from the Order Entered December 14, 2016
In the Court of Common Pleas of Philadelphia County
Family Court at No(s): CP-51-DP-0003334-2015

| | | |
|---|---|---|
| IN THE INTEREST OF: MA.M., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: M.M., MOTHER | : | No. 196 EDA 2017 |

Appeal from the Order Entered December 14, 2016
In the Court of Common Pleas of Philadelphia County
Family Court at No(s): CP-51-DP-0000643-2014

IN THE INTEREST OF: B.B.,        :     IN THE SUPERIOR COURT OF
A MINOR                    :          PENNSYLVANIA
                                       :
                                       :
                                       :
                                       :
                                       :
                                       :
APPEAL OF: M.M., MOTHER     :     No. 197 EDA 2017

Appeal from the Order Entered December 22, 2016
In the Court of Common Pleas of Philadelphia County
Family Court at No(s):  CP-51-DP-0003332-2015

BEFORE:   LAZARUS, J., PLATT, J.,[*] and STRASSBURGER, J.[*]

MEMORANDUM BY STRASSBURGER, J.:      **FILED DECEMBER 08, 2017**

M.M. (Mother) appeals from the permanency review orders entered December 14, 2016, and December 22, 2016, in the Court of Common Pleas of Philadelphia County.  After careful review, we affirm.

This appeal arises from the dependency of four of Mother's minor daughters; B.B., born in July 2000; Ma.M., born in March 2003; St.M., born in May 2005; and Su.M., born in August 2011 (collectively, Children).  The record reveals that the Philadelphia Department of Human Services (DHS) filed a dependency petition with respect to Ma.M. on March 13, 2014.  In its petition, DHS averred that Ma.M. suffers from significant mental health issues, and requested that she be adjudicated dependent while remaining in Mother's care.  The juvenile court adjudicated Ma.M. dependent by order entered March 28, 2014.  Pursuant to a permanency review order entered September 15,

---

[*] Retired Senior Judge assigned to the Superior Court.

2015, the court removed Ma.M. from Mother's care and placed her in kinship foster care with S.F. (Paternal Grandmother), the paternal grandmother of St.M. and Su.M.

On December 21, 2015, DHS filed applications for orders of protective custody with respect to Children. In its applications, DHS averred that B.B., St.M., and Su.M. were now also living with Paternal Grandmother, and that Mother was living with her paramour in an apartment without utilities. DHS further averred that Paternal Grandmother was abusing Children by beating them and failing to feed them consistently, and that other individuals in the home were sexually abusing B.B., Ma.M., and St.M. The juvenile court entered orders of protective custody removing Children from the home. The juvenile court entered shelter care orders on December 23, 2015.

DHS filed dependency petitions with respect to Children on January 4, 2016.[1] The juvenile court adjudicated B.B., St.M., and Su.M. dependent by orders entered February 19, 2016. Relevant to this appeal, the court conducted permanency review hearings with respect to Ma.M., St.M., and Su.M. on December 14, 2016, and entered permanency review orders that same day. At that hearing, counsel for Mother appeared, but Mother did not. Mother did not present any witnesses.

In addition, the parties appeared before a master for a permanency review hearing with respect to B.B. on December 22, 2016. Both Mother and

---

[1] DHS indicated that it was amending its prior dependency petition with respect to Ma.M.

her counsel appeared at that hearing. However, Mother did not testify or present any witnesses. Once again, the juvenile court entered the master's recommendation as an order of court that same day.[2]

Despite being represented by counsel, Mother timely filed *pro se* notices of appeal on January 6, 2017, along with concise statements of errors complained of on appeal.[3] Mother asserted in her concise statements that she is cooperative with DHS; that she is being treated unfairly; and that supervised visits should be moved to the Children's foster home, among other things. The juvenile court filed opinions in response.[4]

_____

[2] The trial court changed B.B.'s permanent placement goal from reunification to another planned permanent living arrangement (APPLA) in a prior permanency review order entered September 14, 2016. Mother did not appeal that order.

[3] Generally, our courts prohibit *pro se* filings by represented appellants, and we treat these filings as legal nullities. **See Commonwealth v. Ali**, 10 A.3d 282, 293 (Pa. 2010). However, *pro se* notices of appeal are an exception to this rule. In **Commonwealth v. Cooper**, 27 A.3d 994, 1007 (Pa. 2011), our Supreme Court held that a *pro se* notice of appeal, filed while Cooper was represented by counsel, was not a legal nullity, but was simply "premature." **See also Commonwealth v. Wilson**, 67 A.3d 736, 738 (Pa. 2013) (explaining that "[Wilson] filed a *pro se* notice of appeal; it is not clear why his court-appointed counsel did not file the notice," and proceeding to review the merits of Wilson's case without further discussion). Thus, we will not treat Mother's *pro se* notices of appeal as legal nullities.

[4] The juvenile court did not address the issues raised by Mother; rather, it concluded that the continued placement of Ma.M., St.M., and Su.M. is "in the best interest of the [C]hildren based on the testimony regarding the [C]hildren's safety, protection, mental, physical and moral welfare." Juvenile Court Opinion, 7/20/2017, at 4. With respect to B.B., the juvenile court concluded that Mother has waived all issues on appeal because this order is not appealable, and even if it were appealable, Mother waived her issues by

Before we reach the issues presented by Mother on appeal, we consider whether these permanency review orders are appealable orders.[5] "'[S]ince we lack jurisdiction over an unappealable order it is incumbent on us to determine, *sua sponte* when necessary, whether the appeal is taken from an appealable order.'" ***Gunn v. Automobile Ins. Co. of Hartford, Connecticut***, 971 A.2d 505, 508 (Pa. Super. 2009) (quoting ***Kulp v. Hrivnak***, 765 A.2d 796, 798 (Pa. Super. 2000)). It is well-settled that, "[a]n appeal lies only from a final order, unless permitted by rule or statute." ***Stewart v. Foxworth***, 65 A.3d 468, 471 (Pa. Super. 2013). Generally, a final order is one that disposes of all claims and all parties. ***See*** Pa.R.A.P. 341(b).

_____

filing a non-compliant concise statement. ***See*** Juvenile Court Opinion, 2/7/2017.

[5] On August 20, 2017, Mother's counsel filed a purported ***Anders*** brief in this Court. ***Anders v. California***, 386 U.S. 738 (1967). In his brief, counsel explains that Mother's appeal is frivolous because these orders are not appealable, but that he has not filed a petition to withdraw and intends to continue representing her. ***Anders*** Brief at 10, 13.

When faced with an ***Anders*** brief and petition to withdraw, this Court must usually begin by analyzing whether counsel complied with the requirements of the ***Anders*** procedure. ***See Commonwealth v. Rojas***, 874 A.2d 638, 639 (Pa. Super. 2005) (quoting ***Commonwealth v. Smith***, 700 A.2d 1301, 1303 (Pa. Super. 1997)) ("'When faced with a purported ***Anders*** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw.'"). Counsel's filing of a purported ***Anders*** brief that does not advocate for the merits of Mother's position, without petitioning to withdraw, is procedurally improper. However, because Mother failed to preserve the issues she wishes to present, as discussed *infra*, we do not conduct an ***Anders*** analysis here.

It is clear that the juvenile court entered these orders as a routine part of the Children's ongoing dependency proceedings. The orders did not conclude the proceedings, or otherwise dispose of all claims and all parties. Importantly, the orders did not grant or deny a request for a goal change, nor did they grant or deny a petition to terminate Mother's parental rights. *In re H.S.W.C.-B.*, 836 A.2d 908, 911 (Pa. 2003) ("An order granting or denying a status change, as well as an order terminating or preserving parental rights, shall be deemed final when entered.").

However, case law exists supporting an argument that certain permanency review orders are appealable as collateral orders. *See* Pa.R.A.P. 313(a) (providing that an appeal may be taken as of right from a collateral order of a lower court). "A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa.R.A.P. 313(b).

> The Pennsylvania appellate courts have applied the collateral order doctrine to address a children and youth agency's appeal from a trial court's directive to the children and youth agency to provide services to a dependent child. In *In Re: N.E.*, 787 A.2d 1040, 1041 n. 1 (Pa. Super. 2001), this Court concluded that the Philadelphia Department of Human Services' appeal from the trial court's order to pay a portion of N.E.'s dental bills was appealable pursuant to the collateral order doctrine. Likewise, in *In Re: Tameka M.*, [] 580 A.2d 750 ([Pa.] 1990), the Pennsylvania Supreme Court addressed the appeal of CYS of Allegheny County (CYS Allegheny) from this Court's affirmance of the trial court's order requiring CYS Allegheny to reimburse

Tameka M.'s foster family for its expenses in sending Tameka M. to a private pre-school.

*In re J.S.C.*, 851 A.2d 189, 192 (Pa. Super. 2004). In both cases, this Court held the collateral order doctrine rendered these orders appealable because "it was necessary to address on review the questions raised in N.E. and Tameka M. because the right involved was too important to be denied review." *Id*.

The Court came to the opposite result in *J.S.C.* In that case, the juvenile court granted the incarcerated mother's petition to compel parental visitation. CYS appealed that order arguing "that visitation with [the m]other is a grave threat to J.S.C. and not in J.S.C.'s best interest." *Id*. (emphasis omitted). This Court quashed the appeal, concluding that the order was not appealable pursuant to the collateral order doctrine because even though

> this right is important, one seeking appellate review of an order pursuant to the collateral order doctrine must demonstrate that a right, *which they possess*, is too important to be denied review and will be lost if review is postponed until final judgment. CYS does not possess a "right" to prevent [the m]other from visiting with J.S.C. Accordingly, the order CYS purports to appeal from does not foreclose CYS from asserting an "important right," and, therefore, the order is not appealable *via* the collateral order doctrine.

*Id*. (emphasis in original; citations omitted).

Instantly, Mother is claiming, *inter alia*, that her rights to visiting the Children are being impeded. This is a right possessed by Mother, and it

appears to be her position that DHS is denying her that right.[6] Based on the foregoing, and in light of our disposition *infra*, we decline to quash Mother's appeals.

We now turn to the merits of these appeals. In her concise statements, Mother specifically requests that she be able to visit St.M., Su.M., and Ma.M. in their foster home. She also requests that she be able to see them by attending their "school/religious and social events." Statement of Errors Complained of on Appeal, 1/6/2017. Mother also requests family therapy. However, Mother did not raise these issues at the permanency review hearings in juvenile court.[7] At those hearings, it was confirmed that Mother was attending supervised visitation at the agency with St.M., Su.M., and Ma.M.[8] N.T., 12/14/2016, at 28-31. It was also confirmed that Mother was attending visits with B.B. in her placement. N.T., 12/22/2016, at 10. At no point during these discussions, or at any other time on the record, did Mother or her attorney request that these visits be moved to the foster home or ask that Mother be able to see the Children at other events. Nor did she request that

---

[6] Mother does have supervised visitation with the Children, but it appears Mother wishes for that visitation to occur in the foster home. In addition, Mother wishes to see the Children at their activities.

[7] In fact, Mother did not even attend the December 14, 2016 hearing.

[8] There was discussion about whether these visits could be moved to a local Wendy's Restaurant one time each month because Children would prefer not to have to go to the agency. All parties agreed to explore that option.

the agency provide her family therapy. Mother presents these issues for the first time in her Pa.R.A.P. 1925(b) statements.

"It is well settled that issues not raised below cannot be advanced for the first time in a 1925(b) statement or on appeal. *See* Pa.R.A.P. 302(a) ('Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.')." ***Irwin Union Nat. Bank & Tr. Co. v. Famous***, 4 A.3d 1099, 1104 (Pa. Super. 2010). Moreover, "[e]ven though a 1925(b) statement raises issues before the trial court first, an issue must have been otherwise preserved for the trial court to consider that issue." ***Diamond Reo Truck Co. v. Mid-Pac. Indus., Inc.***, 806 A.2d 423, 430 (Pa. Super. 2002). Based on the foregoing, because Mother did not raise these issues at the hearings for the Children, she has waived them on appeal. Accordingly, we affirm the permanency review orders of the juvenile court.

Orders affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/8/2017