J-A13025-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: Z.M.W., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: LAWRENCE COUNTY CHILDREN AND YOUTH SERVICES | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1832 WDA 2017 |

Appeal from the Order Entered November 17, 2017
In the Court of Common Pleas of Lawrence County Civil Division at
No(s):  No. 91 0f 2014, D.P.

BEFORE:  OLSON, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY DUBOW, J.:                    **FILED JULY 17, 2018**

The Lawrence County Children and Youth Services ("Agency") appeals from the trial court's Order entered November 17, 2017, directing the Agency to transport Z.M.W. ("Child") (born April 2006) to his Mother's home for weekly visits in accordance with its October 16, 2017 Order.  After careful review, we conclude that the November 17, 2017 Order is reviewable as a collateral order because it pertains to the allocation of the Agency's after-hours resources.  Further, we find that the trial court properly exercised its authority in ordering the Agency to arrange transportation for the Child to visit his Mother in her home each Tuesday for a minimum two-hour visit.

Relevant to this appeal, we note the following facts gleaned from the certified record.  The Child is currently in the subsidized permanent legal custody (SPLC) of the Agency, and placed with a foster/pre-adoptive family where he has lived since 2015.  His Mother, who suffered a stroke in 2014

that ultimately led to the Child's dependency adjudication, is limited in her physical abilities, unable to drive, and without funds.

On October 16, 2017, after an extensive goal change hearing, the trial court issued an Order denying the Agency's Petition to Change the permanency goal from SPLC to adoption. Relevant to this Appeal, the Order directed the Agency to facilitate increased visits between the Child and Mother, as follows:

> Arrange for visits between [the Child] and his Mother to take place outside of the visitation house and at locations such as restaurants, movie theaters, parks, stores and shopping malls, the Mother's home, and like locations so that the Mother can visit her son at least one time each week for at least two hours on each visit. For these visits, no one needs to be present to observe or watch the visits. [The Agency] must ensure that the visits are arranged at times and locations that are convenient for the Mother. By placing a two[-]hour minimum requirement for each visit, this Court does not mean to limit the visits to two hours, if additional time is needed so that the visit can be pleasant and enjoyable.

Trial Ct. Order, dated October 16, 2017, at 2.

On November 16, 2017, the Child's counsel filed a Notice of Appeal.[1] The guardian *ad litem* joined the Child's Brief. Mother filed an Appellee's Brief.

_____

[1] That appeal is docketed in this Court at No. 1732 WDA 2017. On July 16, 2018, this Court affirmed the court's October 16, 2017 Order denying the goal change to adoption.

The Agency did not appeal from any part of that Order and did not file a Brief in support of the Child. No party requested a stay pending appeal.[2]

On November 17, 2017, Mother filed a Motion "to clarify" the visitation portion of the trial court's October 16, 2017 Order, contending that notwithstanding Mother's undisputed inability to drive, the Agency had "demanded that Biological Mother make all arrangements to transport the minor child to and from the weekly visits" that the Agency proposed occur from 4:00 to 6:00 each Tuesday evening. Motion to Clarify, filed 11/17/17, at 1.

The court heard argument from counsel for Mother, the Agency, and the Child that same day.[3] Although the Agency caseworker had suggested that visits could occur between 4:00 p.m. and 6:00 p.m. each Tuesday, the Agency's counsel opposed Mother's request to have the Agency arrange to transport the Child outside of the business hours of 8:00 a.m. to 4:00 p.m. Instead, the Agency's counsel suggested that visits take place between noon

---

[2] The certified record indicates that the visits began as ordered in the last months of 2017. The guardian *ad litem* filed a report on December 7, 2017, indicating that the Child had had three visits with Mother at her residence for two hours each. The foster care coordinator picked him up at school, drove him to his Mother's home, and two hours later, returned him to his foster home. In addition, after a permanency review hearing on April 30, 2018, the court ordered the continuation of SPLC. **See** Order, dated June 19, 2018.

[3] The guardian *ad litem* was not present at the hearing on Mother's Motion, but the Agency notes in its Brief to this Court that "the guardian *ad litem* had informed Mother's counsel that he took no position on her motion[.]" Appellant's Brief at 24.

and 2:00 p.m. every Tuesday. The court rejected the Agency's suggestion, noting that it is not in the Child's best interests to interrupt his schooling in the middle of each Tuesday. The Agency asked the court to hold an evidentiary hearing on the matter, and the court declined.

On November 17, 2017, the trial court entered an Order that directed the Agency to pick the Child up at school every Tuesday at 2:35, the end of his school day, drive him to Mother's home and, after two hours, drive the Child to his foster home. *See* Order, dated Nov. 17, 2017, at 2. The Agency appealed. Both the Agency and the trial court complied with Pa.R.A.P. 1925.

The Agency raises the following issues in its Brief, reordered for ease of disposition:

1.  Is this appeal [ ] proper under the collateral order doctrine?

2. Did the trial court err[] by issuing its order dated November 17, 2017[,] as it was divested of jurisdiction pursuant to the notice of appeal filed on behalf of the minor on November 16, 2017?

3. Did the trial court abuse its discretion by failing to grant a hearing on the motion presented and resulting in the order dated November 17, 2017?

4. Did the trial court abuse its discretion by ordering CYS to provide transportation of Z.W. on a weekly basis after hours?

Agency's Brief at 7.

**Collateral Order**

In its Rule 1925(a) Opinion, the trial court opines that this Appeal is from a non-reviewable, interlocutory order. In response, the Agency argues that this appeal is properly before this Court as a collateral Order because the

transportation order impacts the Agency's financial resources. Pursuant to ***In re J.R.***, 875 A.2d 1111 (Pa. Super. 2005), and the collateral order doctrine, we agree with the Agency.

The collateral order doctrine provides that "an interlocutory order is appealable if (1) it is separable from and collateral to the main cause of action; (2) the right involved is too important to be denied review; and (3) the question presented is such that if review is postponed until final judgment in the case, the claimed right will be irreparably lost." ***Id***. 1114 (citing ***In re J.S.C.***, 851 A.2d 189, 191 (Pa. Super. 2004)). ***See also*** Pa.R.A.P. 313.

We conclude that the November 17, 2017, Order is a collateral order. First, the order for the Agency to transport the Child is separable from and collateral to the main cause of action, which is the dependency determination and disposition. Second, "the right involved is [the Agency's] discretion to determine allocation of limited resources. This is a right too important to be denied review." ***In re J.R.***, ***supra***, at 1114. "Third, if review is postponed and [the Agency] ultimately prevails, it is unlikely that the agency will be able to recoup the funds paid out pursuant to the court order." ***Id***. Because the November 17, 2017 Order meets all three requirements of the collateral order doctrine, we have jurisdiction to review the merits of the issues raised.

**Trial court's jurisdiction to enforce its Order**

The Agency argues that once the Child appealed from the October 16, 2017 Order, the trial court no longer had jurisdiction to enter any further orders. We disagree.

Our rules of appellate procedure provide that after an appeal is taken, the trial court may "[e]nforce any order entered in the matter[.]" Pa.R.A.P. 1701(b)(2). Our Supreme Court observed in *In re H.S.W.C.-B.*, 836 A.2d 908 (Pa. 2003), that "[a]s the best interest of the children is always paramount, the continued finger of the trial court on the pulse of the case is needed, even while the matter is appeal." *Id*. at 911.

The October 16, 2017 Order very clearly opined on the importance of the Child being able to visit with his Mother, and very clearly directed the Agency to arrange the transportation to effectuate the visits. Pursuant to *In re H.S.W.C.-B.*, the Child's Appeal did not divest the court of its jurisdiction to enforce its visitation arrangement Order.

**Request for Evidentiary Hearing**

The Agency contends that the trial court erred in refusing to hold an evidentiary hearing on Mother's Motion to Clarify. The Agency presents two arguments in support of this contention: (1) there was no evidence on the record to support the trial court's determination that its transportation order serves the best interest of the child; and (2) the guardian *ad litem's* input was

necessary before the court entered its November 17, 2017 Order. Appellant's Brief at 24.

Preliminarily, we note that the Agency's second argument pertaining to the guardian *ad litem* is waived. It is well-settled that issues not raised in a Rule 1925(b) concise statement of errors will be deemed waived. ***Commonwealth v. Castillo***, 888 A.2d 775, 780 (Pa. 2005). In addition, "a [c]oncise [s]tatement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no [c]oncise [s]tatement at all." ***Commonwealth v. Reeves***, 907 A.2d 1, 2 (Pa.Super.2006) (citation omitted). ***See also*** Pa.R.A.P. 1925(b)(4)(ii) (providing that the Statement "shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge."). Thus, if a concise statement is too vague, the court may find waiver and disregard any argument. ***Reeves***, ***supra***, at 2.

Here, the Agency's second issue in its Pa.R.A.P. 1925(b) Statement was "[t]he trial court erred as a matter of law by failing to grant a hearing on the motion presented." As presented, this Statement is arguably vague. Most importantly, this Statement fails to challenge the trial court's rendering its decision without the guardian *ad litem*'s presence. Therefore, the Agency waived its second argument.

Even if the argument were not waived, we would find it had no merit. The Agency directs our attention to Pa.R.J.C.P. 1154(3), which provides that

- 7 -

a guardian *ad litem* shall "participate in all proceedings … to the degree necessary to adequately represent the child[.]" There is no dispute that the guardian *ad litem* fully participated in the proceedings that led to the entry of the underlying visitation order, which the court determined then was based on the Child's best interests. Indeed, the trial court ordered the visitation schedule just one month prior to the filing of the Motion to Clarify after the Child testified that he wanted visits with Mother to increase in length and variety. Accordingly, the hearing on the Motion to Clarify did not require the guardian *ad litem*'s presence as that Motion pertained only to the Agency's obligation to arrange the visits that the trial court had already determined to be in the Child's best interests.

With respect to the Agency's general contention that the court abused its discretion in refusing to hold an evidentiary hearing, the Agency directs us to no statute or rule that mandates a court to hold such a hearing. Generally, "it is within the discretion of the trial court to determine whether briefs and/or oral argument are required to rule on a petition; it is also within the discretion of the trial court to decide whether a matter can be best disposed of from a review of the record alone." **GMAC Mortgage Corp. of PA v. Buchanan**, 929 A.2d 1164, 1169 (Pa. Super, 2007) (citation omitted)).

At the hearing on Mother's Motion to Clarify, the trial court stated that it would not hold an evidentiary hearing, reasoning that "this is a simple

matter of logistics. Absolutely simple matter of logistics[.]" N.T. Motion,

11/17/17, at 15-16. In its Rule 1925(b) Statement, the court observed:

> There was no need to schedule an evidentiary hearing beyond the presentation and argument in Motion Court. The Order of October 16, 2017[,] was clear and explicit in stating that the [Agency] was to arrange for the visitation. Transportation is a necessary part of that arrangement, especially in the case of a disabled parent. Transportation for visits at the Visitation House had never been a problem and it strains credulity to believe that a change of location from the Visitation House to the Mother's house (both in the City of New Castle) could have created an unsolvable dilemma. No evidentiary hearing was necessary.

Trial Ct. Op, dated Dec. 15, 2017, at 6.

After reviewing the record in this case, we conclude that the court did not abuse its discretion in refusing to hold an evidentiary hearing on Mother's Motion to Clarify. Because the court had held an evidentiary hearing just one month prior, which resulted in the underlying Order directing the Agency to arrange transportation, the trial court had sufficient factual basis upon which to make its decision.[4]

**Order to transport the Child**

The Agency contends that the court "abused its discretion by ordering [the Agency] to provide transportation services beyond business hours, thereby incurring weekly overtime costs for the agency." Appellant's Brief at

---

[4] We further note that the Agency has not informed us of what evidence it would have presented at an evidentiary hearing.

16. In support, the Agency relies on *In re: J.R.*, *supra* to contend that the court failed to consider alternatives.

"We review an order requiring a child welfare agency to fund a particular service for an abuse of discretion." *In re: J.R.*, *supra*, at 1114.

In *In re: J.R.*, this Court reversed an order directing that the Philadelphia Department of Human Services provide home telephone service to a dependent child's father so he could call the agency the day prior to scheduled visits to confirm his attendance. In concluding the trial court erred in issuing the order, this Court held, *inter alia*, that a juvenile court must "consider the alternatives presented to address the needs of a dependent child; then, if two equally effective alternatives are available, the court must cho[o]se the one that is less costly to the child welfare agency." *Id*. at 1115.

In the instant case, the trial court noted that it "retains authority to enforce its orders even after 4:00 p.m. [The Agency] was given the opportunity to provide the [c]ourt with an alternate date or time that would be convenient to all concerned. It chose to submit a proposal that carried the maximum disruptive effect on the child's education." Trial Ct. Op., dated 12/15/17, at 6-7.

Our review of the record indicates that the Agency provided one option to the court: remove the Child from school in the middle of the day once a week. Because the court had determined that removing the child from school mid-day once a week would be disruptive to the child and not in his best

interests, it was incumbent on the Agency, as the Child's physical and legal custodian, to present alternatives to the court. This it did not do. Accordingly, the Agency's contention that the court did not consider alternatives fails to warrant relief.

We conclude that the trial court did not abuse its discretion in entering its transportation order effectuating the visits that it had previously ordered.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/17/2018