J-A04034-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: J.J.J., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: PHILADELPHIA DEPARTMENT OF HUMAN SERVICES | : | |
| | : | |
| | : | |
| | : | No. 1593 EDA 2020 |

Appeal from the Order Entered July 27, 2020
In the Court of Common Pleas of Philadelphia County Juvenile Division at
No(s):  CP-51-DP-0002504-2018

BEFORE:  STABILE, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                **FILED:  MARCH 1, 2021**

The Philadelphia Department of Human Services (DHS) appeals an order of the Court of Common Pleas of Philadelphia County (trial court) allowing the putative father, T.M., to intervene in an evidentiary hearing concerning whether he is a presumptive parent of the child, J.J.J.[1]  Because we find that the subject order is interlocutory and not an appealable collateral order, we must quash this appeal.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] The guardian *ad litem* joins the brief of DHS but has not filed a brief on her own behalf.

**I.**

We rely on the summary of the material facts recounted in the trial court's 1925(a) opinion:

On November 20, 2018, DHS filed a Dependency Petition seeking to adjudicate the Child dependent. The Affidavit of Service attached to the Dependency Petition stated that it was mailed to [T.M.] . . . in his capacity as Father of the Child. Although there remained questions as to the Child's biological Father at the time, [T.M.] was the husband of Child's Mother, who died on December 16, 2018.

On November 27, 2018, the Honorable Deborah Canty adjudicated Child dependent and committed him to DHS's legal custody. The underlying Dependency Order clearly described [T.M.] as the Child's Stepfather and that the Child be allowed to live with [T.M.]. As a result, Child was placed with [T.M.] and the Child remained in the care of [T.M.] until August 20, 2020. Thereafter, DHS removed Child from [T.M.'s] care without a judicial removal order.

At all material times, [T.M.] has held himself out to be the Father of the Child based not only upon his marriage to the Child's deceased Mother but based upon his willingness to care for the Child. [T.M.] is also the Father of Child's stepsister. For reasons that remain unclear, [T.M.] on December 21, 2018, became the Child's foster parent. There remains a dispute if [T.M.] was told by DHS that in order to retain custody of the Child he had to become a foster parent. Ultimately, a Petition to Terminate Parental Rights was filed and although [T.M.] was listed as Father on the Dependency Petition, and as a Stepfather on a Court Order and later as Foster Parent in subsequent court documents, [T.M.] was never listed as the Father on any Petition to Terminate Parental Rights. DHS argues that [T.M.] is now estoped from making any claims to paternity because he never objected to the Petition to Terminate Parental Rights and was only a "Pu[tative] Father."

On June 2, 2020, [T.M.] filed a Motion to Intervene in the dependency proceedings asserting status as a party because he was the presumptive father, or, in the alternative the foster parent. On July 25, 2020, a motions hearing was held before the

trial court, in which legal arguments were made on the issue of [T.M.'s] standing.

After hearing oral argument, the court re-scheduled the matter for a lengthier evidentiary hearing. The trial court repeatedly articulated that it needed more facts to make a final decision. The trial court's order partially granted [T.M.'s] Motion to Intervene whereby [T.M.] was granted legal representation and the right to cross-examine witnesses. No testimony was presented on [T.M.'s] claim to paternity nor on the issue of the Child's removal from his care. On August 5, 2020, the trial court entered its order for paternity testing. On August 5, 2020, Appellant DHS filed a Motion for Reconsideration. On August 26, 2020, DHS filed the underlying Notice of Appeal.

Trial Court Opinion, 10/21/2020, at 2-4 (citations and footnote omitted).[2]

DHS timely appealed, and both DHS and the trial court complied with

Pa.R.A.P. 1925. In its brief, DHS raises a single issue for our consideration:

Did the trial court err as a matter of law and abuse its discretion in granting T.M.'s Motion to Intervene and affording him the right to counsel and to present evidence where T.M. does not . . . have standing as a presumptive parent?

Appellant's Brief, at 3.

---

[2] The trial court held a judicial removal hearing on October 5, 2020, and found that J.J.J.'s placement in a foster home was appropriate, retroactively authorizing the child's removal from T.M.'s custody. A paternity test showed that T.M. is not the biological father of J.J.J., but the trial court found that this did not necessarily preclude T.M. from status as a presumptive parent because he was the husband of J.J.J.'s biological mother at the time of the child's birth and raised the child since that time. The dependency proceedings have not yet concluded.

**II.**

**A.**

The threshold issue is whether the trial court's order is immediately reviewable. "[T]he appealability of an order directly implicates the jurisdiction of the court asked to review the order." *Knopick v. Boyle*, 189 A.3d 432, 436 (Pa. Super. 2018) (internal citation omitted).

Generally, an appellate court may only review final orders. *See In re Bridgeport Fire Litigation*, 51 A.3d 224, 229 (Pa. Super. 2012). A final order is one that disposes of all the parties and all the claims or is entered as a final order pursuant to the trial court's determination under Rule 341(c). *See* Pa.R.A.P. 341(b). "Ordinarily, an order permitting intervention is interlocutory and not appealable." *In re Manley*, 336, 451 A.2d 557, 559 n.5 (Pa. Super. 1982).

However, an appeal may also be taken from "an order that is made final or appealable by statute or general rule, even though the order does not dispose of all claims and of all parties." Pa.R.A.P. 311(a)(8). One such exception to the non-appealability of non-final orders – and the only exception invoked by DHS in this case – is that under Pa.R.A.P. 313, an appeal may be taken as of right if the collateral order doctrine applies. The rule defines a collateral order as:

> separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

Pa.R.A.P. 313(b).

This Court has explained further that the definition of a collateral order contains three prongs:

> (1) [the order is] separable from and collateral to the main cause of action; (2) the right involved is too important to be denied review; and (3) the question presented is such that if review is postponed until final judgment in the case, the claimed right will be irreparably lost.

*In re J.S.C.*, 851 A.2d 189, 191 (Pa. Super. 2004). "All three factors set forth in Rule 313 must be met to qualify as a collateral order for appellate purposes." *Beltran v. Piersody*, 748 A.2d 715, 718 (Pa. Super. 2000).

**B.**

In this case, even assuming that the first and second prongs of Rule 313 are met, DHS cannot satisfy the third prong of the collateral order doctrine – that the requested remedy sought by DHS would be irreparably lost if review of the order is postponed.

From our review of the record and the parties' representations at oral argument before this Court, it appears that the trial court's order merely allowed T.M. to participate in a hearing that would determine his legal status and standing at subsequent dependency proceedings regarding J.J.J.[3]  The

---

[3] At a dependency hearing, "[o]nly a 'party' has the right to participate, to be heard on his or her own behalf, to introduce evidence, and/or to cross-examine witnesses." *In re L.C. II*, 900 A.2d 378, 381 (Pa. Super. 2006) (citing 42 Pa.C.S. § 6338(a)).  The groups of persons recognized as parties to such proceedings are "(1) the parents of the juvenile whose dependency

trial court's order did not actually resolve the standing issue one way or the other, as no ruling was made as to T.M.'s status as either a presumptive parent or a foster parent. *See* Hearing Transcript, 7/27/2020, at pp. 21-22.

Since T.M.'s standing to participate in the dependency proceeding was only going to be determined after the ordered evidentiary hearing had taken place, immediate review is not needed to ensure DHS's ability to challenge such a ruling, and the prejudice prong of Rule 313 has not been met. *See* ***Beltran***, 748 A.2d at 719 (quashing appeal for lack of jurisdiction because denial of review as to order granting intervention at a proceeding would not result in a right being irreparably lost).

The central case that DHS relies on to establish that the order on review is collateral, ***In re J.S.***, 980 A.2d 117, 121 (Pa. Super. 2009), does not apply. There, this Court held that an order granting foster parents' petition to intervene in dependency proceedings may be collateral and immediately reviewable as of right prior to the final judgment. This was held to be prejudicial because without immediate review, the appellant would have had no way to appeal the ruling.

As discussed above, the present case is at a different procedural stage. The order now being challenged did *not* confer standing on T.M. to intervene

---

status is at issue; (2) the legal custodian of the juvenile whose dependency status is at issue, or (3) the person whose care and control of the juvenile is in question." ***Id.***

as a party in the dependency proceedings. Rather, the order before us merely allowed T.M. to intervene in an evidentiary hearing for the limited purpose of proving that he is a presumptive parent. The facts pertinent to T.M's status as a presumptive parent remain in dispute.[4]

Because this appeal arises from an order granting intervention as to an evidentiary hearing on standing (and not a ruling on standing as in **J.S.**), the collateral order doctrine is not satisfied, the trial court's order is not immediately appealable, and we lack jurisdiction.

Appeal quashed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/1/21

---

[4] Both T.M. and DHS have given conflicting evidence as to whether T.M. is a presumptive parent entitled to standing as a party, and the trial court has not yet ruled on that issue in the first instance. The lack of development regarding the underlying facts further makes it improper for this Court to resolve T.M.'s standing as a matter of law. **See Commonwealth v. Meals**, 912 A.2d 213, 223 (Pa. 2006) ("The task of the Superior Court is one of review, and not of weighing and assessing evidence in the first instance.").